[L. A. No. 6963. In Bank.—July 26, 1921.]

GEORGE de LEON, Respondent, v. THE PACIFIC MU-
TUAL LIFE INSURANCE COMPANY OF CALI-
FORNIA (a Corporation), Appellant.

[1] ACCIDENT INSURANCE — TOTAL LOSS OF EYE UPON HAPPENING
OF ACCIDENT—INSURED NOT ENTITLED TO MONTHLY INDEMNITY—
CONSTRUCTION OF POLICY.—Under a policy of accident insurance
providing that the insurer shall pay, in addition to an amount
for the total loss of sight of an eye, a monthly indemnity for
the time between the date of the accident and the date of loss,
the insured is not entitled to the monthly indemnity but only
to the indemnity for the loss of the eye, where such loss occurs
contemporaneously with the accident.

[2] JUDGMENT — CONDITIONAL SUBSTITUTION — WAIVER — REVERSAL ON
APPEAL—REVIVAL OF FIRST JUDGMENT.—Where a motion to vacate
a judgment based on the verdict of a jury and to substitute a
judgment for a larger amount was granted upon the condition of
waiver by the moving party of the right to the lesser judgment,
and the substituted judgment was reversed on appeal, the judgment
for the lesser amount again became effective, since the waiver
and vacation were inseparably connected with the substituted judg-
ment and fell with it upon the reversal.

[3] COSTS—APPEAL FROM TWO JUDGMENTS—REVERSAL AND AFFIRMANCE
—APPORTIONMENT OF COSTS.—Where an appeal is taken from two
judgments and one is reversed and one is affirmed, the costs of
the appeal should be apportioned between the parties in as
equitable manner as seems practicable.

APPEALS from judgments of the Superior Court of Los
Angeles County. Chas. Monroe, Judge. Reversed and
affirmed.

The facts are stated in the opinion of the court.

Loeb, Walker & Loeb for Appellant.

J. H. Ryckman for Respondent.

ANGELLOTTI, C. J.—This is an action on a policy of
accident insurance. In accord with the verdict of the jury
plaintiff was given judgment for three hundred dollars,
said judgment being entered August 8, 1919. Subsequently
defendant gave notice of intention to move for new trial,

which, so far as the record shows, was never acted upon. Plaintiff, subsequently to such notice of motion, gave notice of a motion to vacate the judgment for three hundred dollars, based on the verdict of the jury, and to enter a judgment for $640. Over the objection of defendant this motion was granted by order made September 29, 1919. Defendant appeals both from the judgment as entered August 8, 1919, and from the order or judgment, made September 29, 1919, whereby plaintiff was given judgment for $640.

Plaintiff's action, as shown by his complaint, was for three hundred dollars alleged to be due under the policy for the loss, by reason of the accident, of the sight of one eye, and eighty dollars per month for eight months, because of inability by reason of the accident to work at his occupation during that time. This was his theory throughout the trial and until after the judgment of August 8, 1919. He never consented to waive his claim for the three hundred dollars for loss of sight of one eye until when, after the entry of judgment, the trial judge decided that he could not have both such three hundred dollars and a payment for loss of time. The defendant by its answer denied that plaintiff's loss of sight of one eye was caused by the accident, claiming that the same was due to a senile cataract of long standing. It further set up as a defense falsity of the statement in plaintiff's application with relation to his power of vision. Upon these issues the case was tried, with a jury. The jury found a general verdict for plaintiff for three hundred dollars, for the loss of the sight of the eye. It also, as a part of its verdict, answered four special questions submitted to it, the answers being substantially that the injury was due to "a blow of a bolt by his fellow-workman," that there was no senile cataract at the time plaintiff made his application for a policy, that the "*concussion* cataract" was the sole cause of the loss of sight in plaintiff's left eye, and that from the date of the accident (September 20, 1918) to the date of the verdict (August 7, 1919) plaintiff was totally and continuously disabled from the performance of all duty pertaining to his occupation. It seems that upon the trial defendant claimed that under the terms of the policy plaintiff could not recover any monthly indemnity in addition to the three hundred dollars

for loss of sight in one eye, if the loss of sight *occurred immediately upon the happening of the accident.* The trial judge being in doubt upon this proposition, upon his suggestion it was stipulated as follows: "At the suggestion of the court, it was agreed that the jury was to find whether the defendant was liable or not, and if they found that the defendant was liable, then they were to bring in a verdict for three hundred dollars, and that the court would then take under advisement the question as to whether, under the circumstances of this case, the evidence presented, and so forth, they were also liable for $640." After the entry of the judgment the trial court concluded that plaintiff "could not recover under two articles" of the policy. Then followed the motion to vacate the judgment for three hundred dollars and to substitute the judgment for $640. The action of the trial court in this respect was protested by defendant, it being claimed that the court had no power to so interfere with the judgment already given and entered. It should also be stated that before granting the motion the trial court asked counsel for plaintiff, "if now, and for all time, he waives recovery under article 3 for three hundred dollars," and he answered in the affirmative.

An examination of the record satisfies us that upon the question whether the loss of the sight of the eye was wholly due to the accident, the verdict of the jury in favor of the plaintiff finds sufficient support in the evidence. There was a conflict in the evidence, it is true, but there was substantial evidence in favor of plaintiff's claim in this respect. This is also true as to the issue relating to the truth or falsity of the statement in the application for the policy as to the power of vision of plaintiff. As to this the preponderance of evidence may fairly be said to be with plaintiff. The jury was fairly and correctly instructed as to the issues thus presented, and no good reason appears to us for concluding that the verdict for three hundred dollars should be disturbed. Under the terms of the policy, which was for nine hundred dollars, the plaintiff was entitled to receive one-third of the principal sum for the loss of sight of either eye. A provision in the judgment that a monthly indemnity not to exceed $640 is to be added to the three hundred dollars by the court if it shall decide that a monthly indemnity should be paid under the policy need not

be considered in view of the subsequent decision of the court that it could not be added. This brings us to a consideration of what followed the verdict and the judgment based thereon.

[1] It seems to us very clear that, in view of the terms of the policy, plaintiff, having and insisting upon the right to recover three hundred dollars for the loss of sight of an eye, could not recover any monthly indemnity in addition if the loss of sight was immediately caused by the accident. That it was so immediately caused he himself testified, and the jury substantially so found by the third and fourth answers to the special interrogatories. Article 1, relative to indemnities, provides, it is true, for monthly indemnities for the time, not exceeding thirty-six months, that such accident immediately, totally, and continuously disables from the performance of every kind of duty pertaining to the insured's occupation. Article 3, however, provides a schedule of indemnities for certain losses. This amount is to be paid, with "the accident monthly indemnity *for the time between the date of accident and date of such loss.*" The schedule provides that "for loss of . . . sight of either eye" there shall be paid "one third principal sum." Article 11 provides: "The right to make claim for loss of life or for any total loss named in the schedule of indemnities, shall exclude all other claims based upon the same accident, except a claim for monthly indemnity provided in article 3. . . . " Of course, courts are bound by the terms of the contract between the parties, and it seems to us clear beyond question that the asserted rights of plaintiff pressed by him to verdict and judgment of compensation for the loss of sight of one eye, given him by article 3, excluded any claim by him for monthly indemnity under article 1, except such as was allowed by article 3, viz., indemnity *"for the time between the date of the accident and date of such loss."* Admittedly, it must be held here that there was no such time, the loss of the sight occurring contemporaneously with the accident. It may be that under the policy plaintiff could originally have waived all claim for a total loss under article 3, and proceeded under article 1 for a monthly indemnity for loss of time only. As to this it is not necessary here to decide. He did not so do, but elected to assert his claim under article 3, as well as a claim

under article 1. Certainly after pressing this claim to verdict and judgment he could not properly be allowed, over the objection of the other party, to recover upon the theory of a waiver of all rights under article 3, a theory upon which the action was not instituted, or tried, or decided. It follows that the judgment for $640, given September 29, 1919, finds no proper support in the record. The only recovery proper, in view of the circumstances, was one for three hundred dollars for the loss of the sight of one eye.

[2] This being the situation, it is earnestly urged by defendant that plaintiff, as a condition precedent to the granting of his motion to vacate the three hundred dollar judgment and substitute a judgment for $640, having waived for all time any recovery under article 3 for three hundred dollars, he cannot now have his judgment for the three hundred dollars. We see little force in this claim. His motion was substantially one for the substitution of a judgment of $640 for the three hundred dollar judgment, and not a motion for the mere vacating of the three hundred dollar judgment. The two things were inseparably united. The whole purpose of the requirement by the learned trial judge of the express waiver of any claim under article 3 was to prevent the enforcement by plaintiff of any such claim in the event that he was given a recovery under article 1, and the waiver amounted to no more than that. He has been given no such recovery, for it is now determined on appeal that, in view of the circumstances, no such recovery could properly be allowed, and the award is set aside. With the setting aside on appeal of the award for monthly indemnity, the waiver and the vacating of the first judgment, which seem to us to be inseparably connected with such award and were included in the same order, also fall, and we have the former judgment for three hundred dollars in full force and effect (unless also reversed on this appeal), except as to the provision for the possible addition by the trial court of a monthly indemnity, which provision became ineffective for any purpose on the decision of the trial court that no such addition could be made.

We have not attempted herein to comment on the practice followed in the trial court after the entry of the first judgment, or as to the attempted postponement of the determination of the question of monthly indemnity and the

attempted reservation in the judgment of the right to subsequently add the same. It is apparent that the sole desire of the learned trial judge was to reach the correct and just conclusion as to the rights of the respective parties. The method adopted was, however, somewhat novel, and it may well be doubted whether the trial court could on motion, against the protest of a party, vacate a judgment which has been entered except on a ground and in the manner specified by our statutes. It is to be noted that the stipulation to which we have referred did not purport to authorize such action as was in fact had.

[3] In view of the fact that the appeal is from two judgments and that one of the judgments appealed from should be affirmed and the other reversed, the costs of appeal should be apportioned between the parties in as equitable a manner as seems practicable.

The judgment or order of September 29, 1919, is reversed. The judgment entered August 8, 1919, is affirmed. Appellant shall recover the amount paid by it for filing record in the appellate court and one-fourth of the amounts paid the superior court clerk and stenographer for preparing the record on appeal. Neither party shall recover any amount as costs for printing briefs.

Wilbur, J., Shurtleff, J., Sloane, J., Lawlor, J., and Lennon, J., concurred.

Shaw, J., being disqualified, did not participate.