[Civ. No. 10143.  First Appellate District, Division One.—January 27, 1937.]

LIONEL H. HAYDEL, Appellant, v. ANDREW WADE MORTON, Respondent.

Thomas C. Ryan and F. H. Dam for Appellant.

Sullivan, Roche & Johnson for Respondent.

THE COURT.—Plaintiff recovered a judgment against the defendant in the above-entitled action on charges of malicious prosecution and slander.  On the latter count a new trial was granted.  Plaintiff appealed from this order, and defendant appealed from the judgment against him based on the charge of malicious prosecution.

The District Court of Appeal reversed this judgment, and affirmed the order granting a new trial.

Plaintiff petitioned for a hearing of the cause by the Supreme Court, which was denied, following which the defendant filed in the superior court his memorandum of costs and disbursements on appeal. The plaintiff moved to strike the same from the files and also filed a motion to tax costs. The ground for the motion to strike was that it did not appear that the amount claimed had been paid. On the present appeal plaintiff complains of the denial of this motion, and also of the allowance of an amount for the printing of the reply to his petition for a hearing by the Supreme Court.

The memorandum was entitled "Defendant's Memorandum of Costs and Disbursements on Appeal", and although containing no direct averment that the items listed had actually been paid out, these facts inferentially appeared. In addition the memorandum was verified by the defendant's attorney in all respects in accordance with the statute.

If the items appear to be proper charges a verified memorandum is *prima facie* evidence that the same were necessarily incurred (*Miller* v. *Highland Ditch Co.*, 91 Cal. 103 [27 Pac. 536]) ; and the evidence was not controverted. Such facts show a memorandum sufficient in form and substance and sustain the conclusion of the trial court. (*Ray* v. *Clark,* 57 Cal. App. 467 [207 Pac. 501] ; *Stafford* v. *Hill,* 63 Cal. App. 15 [217 Pac. 766] ; *Murphy* v. *F. D. Cornell Co.,* 110 Cal. App. 452 [294 Pac. 490].)

The defendant was allowed the statutory amount for printing his briefs on appeal. He claimed the additional amount of $73.28 as the cost of printing his reply to plaintiff's petition for a hearing by the Supreme Court. As provided by statute an allowance for printing briefs is limited to the sum of $100. (Code Civ. Proc., sec. 1034.) Petitions for rehearings by the District Court of Appeal, or for hearings by the Supreme Court, and replies thereto, are but statements of the propositions which are desired to be established, and are essentially briefs. (*Bell* v. *Germain,* 12 Cal. App. 375 [107 Pac. 630] ; 9 Cor. Jur. 499.) Such being the case, they come fairly within the meaning of the statute, and allowance therefor should be limited accordingly.

The order is therefore modified by striking therefrom the sum of $73.28, and as so modified will stand affirmed. It is further ordered that appellant recover his costs on the present appeal.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1937.