[S. F. Nos. 17446, 17447.  In Bank.  Dec. 1, 1947.]

NAOMI GAE LANE et al., Appellants, v. PACIFIC GREYHOUND LINES (a Corporation) et al., Respondents.

F. H. Dam for Appellants.

Cooley, Crowley & Supple, Cooley, Crowley, Gaither & Dana and T. H. DeLap for Respondents.

GIBSON, C. J.—This court reversed a judgment for defendants in *Lane* v. *Pacific Greyhound Lines,* 26 Cal.2d 575 [160 P.2d 21], and plaintiffs appeal from certain orders in the proceedings taxing costs on the prior appeal.

Plaintiffs filed their bill for costs on appeal the day following the filing of the remittitur in *Lane* v. *Pacific Greyhound Lines, supra,* 26 Cal.2d 575. The bill, in addition to a charge of $100 for the cost of printing briefs on appeal, included, as separate items, charges for printing plaintiffs' petition for hearing in the Supreme Court, the opinion of the District Court of Appeal as a part of such petition, and the plaintiffs' answer to defendants' petition for rehearing in the Supreme Court. Upon receipt of this bill defendants' attorney wrote a letter to plaintiffs questioning the three items, and four days after the time provided for making objections to such a bill had expired (Code Civ. Proc., § 1034), defendants filed a motion to tax costs, seeking to eliminate those charges. Then, 17 days later, defendants filed a motion under section 473 of the Code of Civil Procedure for relief from default in failing to file objections on time and for permission to file a second motion. A showing was made by affidavit that the delay was caused by a mistake made by an inexperienced employee of defendants' attorney in calendaring the due date of the motion to tax. Thereafter, plaintiffs moved to strike the first motion to tax costs which had been filed four days late. At the hearing on defendants' motion for relief from default and plaintiffs' motion to strike, the court granted the defendants' motion and denied that of plaintiffs. Upon the hearing of the objections to the cost bill on their merits, the court struck the three items in excess of $100 for the cost of printing briefs.

Plaintiffs appealed from these three orders: (1) the order refusing to strike the motion to tax costs on appeal, (2) the order granting relief from default and permitting defendants to file a second motion to tax costs on appeal, and (3) the order taxing costs on appeal.

A preliminary question has been raised as to the appealability of the two orders prior to the final order taxing costs.

■ As to the first order, the appeal therefrom was rendered moot when defendants, with the consent of plaintiffs, withdrew the motion, and the appeal should be dismissed in any event. ■ The second order did not affect the judgment to which it was collateral and did not finally dispose of the cost proceeding, but, instead, contemplated a further order on the merits. Therefore, the second order was not the kind of special order after judgment which is appealable, and the appeal therefrom should also be dismissed. (See *Kaltschmidt* v. *Weber,* 136 Cal. 675, 676 [69 P. 497].)

■ The propriety of such an intermediate order may, however, be reviewed on the appeal from the final order taxing costs. ■ It is plaintiffs' position that the trial court had no power to grant defendants relief from default and permit them to file the second motion to tax costs. They argue, first, that section 473 of the Code of Civil Procedure can have no application to a motion to tax costs because such a motion is not a pleading within the language of the section which provides that application for relief "must be accompanied by a copy of the answer or other pleading proposed to be filed." It is settled, however, that, under the provisions of section 473, the court may relieve a party from the effect of a delay in taking procedural steps which do not involve pleadings. (See *Estate of Simmons,* 168 Cal. 390, 394 [143 P. 697]; *Pollitz* v. *Wickersham,* 150 Cal. 238, 243 [88 P. 911].) Relief from default has been allowed under the provisions of section 473 where a party failed to file a cost bill within the times provided in sections 1033 and 1034 of the Code of Civil Procedure. (*Soda* v. *Marriott,* 130 Cal.App. 589, 594 [20 P.2d 758]; *Potter* v. *City of Compton,* 15 Cal.App.2d 238 [59 P.2d 540]; *Kallmeyer* v. *Poore,* 52 Cal.App.2d 142, 153 [125 P.2d 924].) Insofar as granting relief from default in filing is concerned, there appears to be no reason for making a distinction between a cost bill and a motion to tax costs.

■ Plaintiffs nevertheless contend that the courts are without power to grant relief from default, claiming that

section 1034 constitutes a limitation upon the right of the court to grant such relief under section 473. They rely upon the provision in section 1034 which states that after the time for taxing costs "has expired" execution may issue therefor as on a judgment. It is asserted that the situation is analogous to the limitation on the power of the court to extend the time for filing a notice of intention to move for a new trial. The situations, however, are not similar. Section 659 of the Code of Civil Procedure expressly provides that the time for serving a notice of intention to move for a new trial may not be extended by order or stipulation. On the other hand, section 1054 states that, unless otherwise expressly provided, the time allowed for the service of notices other than notices of appeal or of intention to move for a new trial may be extended for good cause shown. There is nothing in section 1034 or in the use of the word "expired" which indicates any intention to limit the power of the court to extend the time for filing a motion to tax costs or to grant relief from default in case of a delay in filing. The obvious purpose of the quoted provision was merely to fix the time when "execution may issue." In the absence of any express provision to the contrary, the court has power to grant relief from such a default under the broad provisions of section 473.

The contention that the showing made to excuse the default was insufficient to justify the exercise of the trial court's discretion in relieving the defendants from its effect needs no extended discussion. The granting of relief under section 473 rests primarily within the discretion of the trial court. (*Manning* v. *Gavin*, 14 Cal.2d 44, 46 [92 P.2d 795].) Moreover, the inadvertent entry of an erroneous date in a journal of proceedings kept by an attorney has been held to justify relief where, as here, the defaulting party acted promptly. (*Manning* v. *Gavin, supra; Haviland* v. *Southern California Edison Co.*, 172 Cal. 601, 605 [158 P. 328].)

We turn now to the merits of the appeal from the order striking from plaintiffs' cost bill all items in excess of $100 for the cost of printing briefs. It is apparently plaintiffs' position that the allowance of more than $100 is discretionary with the trial court, and that additional costs for printing may be allowed for documents such as petitions for hearing and rehearing if they are not merely "a reiteration of matter previously printed." Plaintiffs call attention to the statement in the record that the trial court would have allowed

the items in excess of $100 if it had considered that it had the discretion to do so.

Rule 26 of the Rules on Appeal provides that the party to whom costs are awarded may recover "only" the items expressly provided for therein. Included as allowable items when actually incurred is "the cost of printing or other reproduction of briefs, not exceeding $100 to any one party." The language is clear and leaves no room for the exercise of any discretion. The limitation is in substance the same as that formerly contained in that portion of section 1034 which was superseded by rule 26. (Judicial Council Ann. Rules, p. 50.) In interpreting that section it was held that "briefs" included petitions for hearing, rehearing and answers thereto. (*Haydel* v. *Morton,* 18 Cal.App.2d 695, 696 [64 P.2d 954]; Witkin, *New California Rules on Appeal,* 17 So.Cal.L.Rev. 232, 256.) Accordingly, the trial court did not err in striking the items from the cost bill.

The appeals from the orders denying plaintiffs' motion to strike and granting defendants' motion for relief from default are dismissed, and the order taxing costs is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Shauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied December 29, 1947.