[Civ. No. 16424.   Second Dist., Div. Three.   Dec. 22, 1948.]

ROBERT WECK et al., Respondents, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Appellants.

W. R. KRATKA et al., Respondents, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Appellants.

DOMENICO TONSO et al., Respondents, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Appellants.

GEORGE M. JAMES et al., Respondents, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Appellants.

CLOTILDIS KERNS et al., Respondents, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Appellants.

BRUCE H. KRATKA, Respondent, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Appellants.

RICHARD B. REINERT, Respondent, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Appellants.

JEAN CHURCH JAHNS, Respondent, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Appellants.

CARL RICHARD H. MUELLER, Respondent, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Appellants.

C. W. Cornell and Randolph Karr for Appellants.

B. J. Bradner, William L. Murphey and Stewart, Shaw & Murphey for Respondents.

SHINN, P. J.—This is an appeal by Southern Pacific Company and Southern Pacific Railroad Company from an order, and part of a judgment, denying their motion to strike out cost bills and retax costs after the decision of a former appeal (*Weck* v. *Los Angeles County Flood Control Dist.*, 80 Cal. App.2d 182 [181 P.2d 935]). Appellants herein were joined with others as defendants in nine separate actions to recover damages for injury to property occasioned by flood waters alleged to have been diverted from a natural channel. The actions were consolidated for trial, directed verdicts were rendered in favor of all defendants, and the plaintiffs appealed from the ensuing judgments. Separate verdicts and judg-

ments were rendered in each of the nine cases and separate notices of appeal were given. Pursuant to stipulation, clerk's transcripts in each of the cases were consolidated by reference and a consolidated settled transcript was used instead of separate transcripts. On their appeals, the nine plaintiffs jointly filed a single set of briefs. The judgments were affirmed as to all defendants other than the two railroad companies, and as to them were reversed. The plaintiffs filed a single petition for a rehearing in the District Court of Appeal, which was denied, and a single petition to the Supreme Court for a hearing, specifying particularly their appeals from the judgments in favor of the defendants other than the railroad companies. After the denial of this petition they filed cost bills in each of the nine cases, claiming in each case one-ninth of the total cost of filing their briefs on appeal, consisting of $598.01 as the cost of preparing briefs, $85.90 the cost of the petition for rehearing, $152.56 the cost of petition for hearing in the Supreme Court, or a total of $836.47. By the motions to tax costs appellants herein sought to strike out the items of cost of printing the petitions for rehearing and hearing in the Supreme Court upon the ground that they were improper charges, and sought to limit the total cost of printing briefs to $100, thus reducing the amounts for these items to $11.11 in each of the nine cases. They appeal from an order denying their motions in these particulars.

Section 26(c), Rules on Appeal, reads as follows: "The party to whom costs are awarded may recover only the following, when actually incurred: (1) The cost of preparation of an original and one copy of any type of record on appeal authorized by these rules, subject to reduction by order of the reviewing court pursuant to subdivision (a) of this rule; provided, however, that the expense of any method of preparation in excess of the cost of preparing such record in typewriting shall not be recoverable as costs, unless the parties so stipulate; (2) the cost of printing or other reproduction of briefs, not exceeding $100 to any one party; (3) the cost of production of additional evidence; and (4) filing and notary fees and expense of service, transmission and filing of the record, briefs and other papers." Appellants cite the provision of rule 40 that unless the context or subject matter otherwise requires, the singular and plural number shall each include the other. They seek to apply this rule of interpretation to the phrase "not exceeding $100 to any one party," in such manner as to bring all of the plaintiffs within the limita-

tion. They would have the court apply the provision of rule 40 and interpret the phrase to mean that the limitation applies to any one party or to several parties who have been awarded costs. They base their argument upon the facts that the actions were consolidated for trial and that plaintiffs presented their appeals upon a single set of briefs, in which they advanced contentions that were common to all of them. They say that costs should have been limited even though the plaintiffs were to be regarded as several parties. And by a different line of argument they contend that if a brief had been filed on behalf of any one of the appellants it would have served the purposes of the other appellants, the recoverable cost of the briefs would have been limited under the rule to $100, and that therefore, within the meaning of the rule, the nine appellants should be regarded as a single party.

We encounter no difficulty in reaching the conclusion that appellants' motions were properly denied. As applied to the present case, subdivision (c) can mean only that one or more parties who are awarded costs on appeal may recover the items specified as proper costs and that the expense of briefs may not exceed $100 to any one party. If several parties to an appeal file separate briefs and each party is awarded costs, the rule permits each to recover the expense of his briefs in an amount not to exceed $100. The rule does not limit the total cost of briefs to $100, to be divided among several prevailing parties who have been awarded costs. The situation of which appellants complain is not one which calls for an interpretation of the rule, nor does the phrase "to any one party" admit of interpretation. It means one, and not more than one, and it does not purport to declare who are or are not to be regarded as parties to an appeal.

We have, then, the next question whether the plaintiffs in the several actions became a single party within the meaning of rule 26(c) by reason of the consolidation of the actions for trial. Clearly, they did not. The consolidation was only for the purpose of saving time and expense and did not convert the separate actions into a single action for any other purpose. Separate appeals were taken from separate judgments and each appellant was to be regarded as a party to his own appeal, in the application of the rules on appeal. Nor was the separate status of the several appellants altered by the fact that they joined in a single set of briefs, or by the further fact that the points on appeal may have been common to all of them. If in the circumstances the several appellants

should have been held to the maximum of $100 as the cost of filing their briefs, it could not have been because of anything contained in section 26 (c). As we view the matter, appellants' complaint should not have been based upon an interpretation of subdivision (c), which needs no interpretation, but should have been directed against the manner in which it operates in the present case, that is to say, that it allows the cost of briefs in an amount greatly in excess of $100 to be charged in favor of several parties who are claimed to have had a common interest and the same theories in the presentation of the appeal, whereas, if the same contentions had been advanced in a single set of briefs by a single party, the cost of briefs would have been limited to $100. But plaintiffs cannot accomplish their purpose by adding something to subdivision (c) which is foreign to its subject matter. There were nine separate appeals from nine separate judgments. Each of the appellants had a right to file his own briefs independently of the others, and upon a reversal of the judgment as to him to charge not to exceed $100 as the cost of his briefs. Perhaps each brief would have been a counterpart of the others, but, if so, that fact in itself would not have combined the several appellants into a single party, nor given respondents ground for relief under rule 26 (c). Their remedy, if any, would have been to apply to the reviewing court for an apportionment of the cost of briefs in order that they be not penalized in the amount of the cost of duplication in the briefs. Subdivision (a) of rule 26 reads in part as follows: "In any case in which the interests of justice requires it, the reviewing court may make any award or apportionment of costs which it deems proper." If, in case separate briefs had been filed, the respondents on the former appeal should have applied for and obtained an allocation of costs which would deduct the amount of the unnecessary expense of appellants' briefs, it would have been upon the ground that it would be inequitable to allow the maximum of $100 to each appellant, and not because the full allowance was not authorized by subdivision (c). We discern no material difference between the situation created here by the filing of a single set of briefs and the facts of the supposed case, except that it appears to have been of advantage to all parties to have but a single set of briefs. It was encumbent upon the respondents on the former appeal to anticipate that in the event of a reversal the cost of briefs would be charged in an amount far exceeding $100, and if they had desired to avoid the consequences of the

operation of subdivision (c) they should have called the matter to the attention of the reviewing court by a request that the appellants be required to stand a share of the costs of their briefs. That court alone could apportion costs. The superior court was required to apply rule 26(c) in accordance with the remittiturs which awarded full costs.

The expense of preparation of briefs under the rules includes the preparation of petitions for rehearing and hearing in the Supreme Court. (*Haydel* v. *Morton,* 18 Cal.App.2d 695, 696 [64 P.2d 954]; *Lane* v. *Pacific Greyhound Lines,* 30 Cal.2d 914, 918 [187 P.2d 9].) Appellants' attack upon these items of cost is not well founded. The granting of either petition would have reopened the appeals for review, which would have given the railroad companies another chance to obtain a decision in their favor.

Appellants further contend that inasmuch as plaintiffs on the former appeal sought to reverse the judgments that had been rendered in favor of defendants, other than the present appellants, the costs recoverable by plaintiffs should have been apportioned among the several respondents. This could not have been done by the superior court, nor is it within our power to disturb the judgments on the former appeal awarding costs to the plaintiffs upon a reversal of the judgment as to the railroad companies.

There was some disagreement expressed in the affidavits used on the motion as to whether all of the issues and points on appeal were common to all of the appellants. Under the views we have expressed this point becomes immaterial and need not be decided.

We might emphasize that we are considering a case where several appeals had been taken in several actions, and not a single appeal taken by several plaintiffs or several defendants in a single action. Whether two or more appellants or respondents, suing or defending jointly, should in some circumstances, be regarded as a single party within the meaning of rule 26(c) is a question not here presented. (But see *Lane* v. *Pacific Greyhound Lines, supra.*)

The order and part of judgment appealed from are affirmed.

Wood, J., and Vallée, J., concurred.

A petition for a rehearing was denied January 20, 1949, and appellants' petition for a hearing by the Supreme Court was denied February 17, 1949.