[Civ. No. 16616.  Second Dist., Div. Three.  Apr. 18, 1949.]

GUSTAVE L. HEIMANN et al., Appellants, v. THE CITY OF LOS ANGELES, Respondent.

John F. Poole for Appellants.

Ray L. Chesebro, City Attorney, and Bourke Jones, Assistant City Attorney, for Respondent.

WOOD, J.—Plaintiffs appeal from an order taxing their costs on appeal.  Their memorandum of costs included items aggregating $268.98 for printing briefs, petitions for rehearing and hearing, and answer to petition for rehearing, in this action in eminent domain.  Upon motion of defendants, the superior court taxed their costs for such printing at $100.

Appellants contend that it was error to strike $168.98 from their cost bill, for the reason that the ''$100 excess rule does not apply to an eminent domain case because it would take from the plaintiff the sum of $168.98 on his recovery of damages

for the taking of his property." Apparently the rule so referred to is section 26(c) of the Rules on Appeal. That section, insofar as material here, provides: "The party to whom costs are awarded may recover only the following, when actually incurred: . . . (2) the cost of printing . . . briefs, not exceeding $100 to any one party; (3) . . . ." Appellants argue that such a rule, as to costs in an eminent domain case, is prohibited by the Constitution of California. Apparently they are referring to article I, section 14, of the Constitution, which provides in part as follows: "Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner . . .." Appellants assert in effect that the order herein reduced their "just compensation" to the extent of $168.98, and that the order was contrary to said provision of the Constitution.

In support of their contention they quote at length from the decision on the former appeal in this case, *Heimann* v. *City of Los Angeles,* 30 Cal.2d 746 [185 P.2d 597],—the quotation being the last part of the last paragraph on page 752 (which begins with the words "To require the defendants") and all of the first three paragraphs on page 753. It was said therein, in part, on page 752 (in quoting from *San Francisco* v. *Collins,* 98 Cal. 259, at p. 262 [33 P. 56]) as follows: " 'To require the defendants in this case [the owners] to pay any portion of their costs necessarily incidental to the trial . . . would reduce the just compensation awarded by the jury . . .. Any law which casts this burden upon the owner should, in our opinion, be held to be unconstitutional and void.' " It was also said, on page 753: "If costs should be assessed against him, his recovery would be diminished by that amount and he would be to that extent deprived of the full measure of compensation to which he is justly entitled. . . . Jurisdiction in eminent domain lies in the superior court . . . and the discretion conferred upon that court in taxing costs . . . is held to be limited by article I, section 14 of the Constitution . . .. Similarly, in actions like the present, the constitutional provision must be held to be a limitation upon the requirement of section 1032 of the Code of Civil Procedure that the plaintiff may not recover costs when the judgment is one which could have been rendered by a municipal court. The order granting the motion to strike the cost bill was therefore erroneous." There was no question therein as to whether the amounts or the subject-matter of the items of costs were proper. The facts

in the case (upon the former appeal), insofar as material here, were: The plaintiffs sought to recover damages to their land as the result of the building of a viaduct in front of the land; they obtained judgment for $800, and filed their cost bill for trial costs; and upon motion of the defendant, the cost bill was stricken out on the ground that the judgment was such as could have been rendered by the municipal court, and therefore costs were not recoverable by plaintiffs. The Supreme Court held therein, as above shown, that the constitutional provision above referred to (art. I, § 14) was a limitation upon the said statutory provision (Code Civ. Proc., § 1032,—that a plaintiff should not recover costs when the judgment is one which could have been rendered by a municipal court), and that the cost bill should not have been stricken out. The only question on the former appeal, relative to costs, was whether in an eminent domain action, where the judgment was in an amount within the jurisdiction of the municipal court, the plaintiffs (owners) were entitled to recover *any* costs. There was no question therein as to whether the amounts or the subject-matter of the items of costs were proper. It is to be noted that in the decision of the court therein, just preceding the part quoted by appellants, the court also said at page 752: "It has long been the rule that in a proceeding in eminent domain, the party seeking condemnation should be required to pay not only his own costs, but all *proper* costs of the owner of the land incurred in good faith." (Italics added.) The case of *San Francisco* v. *Collins*, 98 Cal. 259 [33 P. 56], which was quoted in part in the decision on the former appeal, was a condemnation proceeding wherein the owners appealed from an order apportioning the costs between the parties. The owners therein contended that the condemnor should have been required to pay not only its own costs but all *proper* costs of the owners. At the time of that proceeding, section 1255 of the Code of Civil Procedure provided that in proceedings to condemn property "[c]osts may be allowed or not, and if allowed, may be apportioned between the parties . . . in the discretion of the court"; and it was claimed by the condemnor that the order of the trial court apportioning the costs was a proper exercise of the discretionary power conferred by said section. The Supreme Court held therein that such discretionary power was limited by article I, section 14, of the Constitution, and that to require the owners to pay any portion of their costs *necessarily incidental* to the trial

would reduce their just compensation. There was no question in that case as to whether the items of costs were proper as items of costs, but the only question was whether any of the costs *necessarily incidental* to the trial should be charged against the land owner. It therefore appears from the two opinions just referred to (the opinion in the former appeal and the opinion quoted in part therein), which are relied upon by appellants, that the Supreme Court did not hold in those cases that all costs incurred by an owner whose land is condemned were recoverable by him, but the court held that "all proper costs," or "costs necessarily incidental" to the proceeding, were recoverable by the owner.

■ Since costs were not recoverable at common law, a person who claims costs must rely on a statute or rule of court which awards them, and the "measure of the statute is the measure of the right" to recover costs. (See *Sime* v. *Hunter*, 55 Cal.App. 157, 159 [202 P. 967].) ■ Rule 26(c) of the Rules on Appeal provides in substance, as above stated, that the party to whom costs are awarded may recover not exceeding $100 for printing briefs on appeal. The word "briefs" therein includes petitions for rehearing, hearing, and answers thereto. (*Weck* v. *Los Angeles County Flood Control Dist.*, 89 Cal.App.2d 278, 283 [200 P.2d 806].) It is reasonable of course to place a limit upon the amount to be allowed as costs for printing briefs on appeal. It has been determined, under and by virtue of said rule 26(c), that a reasonable maximum amount to be allowed as "proper costs" for printing briefs on appeal is $100. Prior to the adoption of that rule it had also been determined (in 1933), as shown by section 1034 of the Code of Civil Procedure, that $100 was a reasonable maximum amount to be allowed for such costs.

■ Said rule 26(c) is a reasonable regulation in the matter of allowing costs for printing briefs, including the briefs in an eminent domain case. The trial court ruled correctly in striking out the amount of claimed costs for printing briefs in excess of $100. ■ Under said rule 26(c), it is not discretionary with the trial court to allow more than $100 for printing briefs. (*Lane* v. *Pacific Greyhound Lines*, 30 Cal.2d 914, 918 [187 P.2d 9].)

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 16, 1949.