[Civ. No. 26120. Second Dist., Div. Two. Nov. 16, 1962.]

LEE COMBS, as Executor, etc., Plaintiff and Respondent, v. T. J. HADDOCK et al., Defendants and Appellants.

[Civ. No. 26121. Second Dist., Div. Two. Nov. 16, 1962.]

LEE COMBS, as Coexecutor, etc., et al., Plaintiffs and Respondents, v. T. J. HADDOCK et al., Defendants and Appellants.

(Consolidated Cases.)

Kindel & Anderson and Robert R. Burge for Defendants and Appellants.

Lee Combs, in pro. per., and William R. Jarnagin for Plaintiffs and Respondents.

ASHBURN, J.—Defendants appeal from an order taxing costs on appeal and assign three specific errors therein, viz., allowance of costs to plaintiff-respondent Gladys N. Mashon; disallowing defendant-appellants the cost of stay bonds on appeal; disallowing defendants-appellants costs of printing petition for rehearing in District Court of Appeal, petition for hearing in Supreme Court and reply to respondent's answer to petition for hearing in Supreme Court. The opinion of Division One of the Second District Court of Appeal upon the merits of the cases is reported in *Mashon* v. *Haddock,* 190 Cal. App.2d 151 [11 Cal.Rptr. 865].[1]

The litigation arose out of liquidation of a partnership wherein the defendants Haddock were general partners and Gower A. Mashon and Otis C. Kettering (both of whom now are deceased) were limited partners; it involved an accounting of the affairs of said partnership. There was also a series of joint ventures in which the Haddocks, Mr. Mashon and Mr. Kettering were jointly interested and which were also involved in the accounting. Gladys Mashon, after the death of her husband Gower A. Mashon, sued for a determination of amount due her and her husband from his interest in the partnership and the joint ventures, and for money due on certain promissory notes held by her. Kettering brought a similar action

---

[1] Mr. Gower A. Mashon, husband of Gladys N. Mashon, died before the action commenced; she became his executrix and sued individually and as such executrix; she died after judgment and Mr. Lee Combs became her executor and continued the case in that capacity. Mr. O. C. Kettering, who filed a similar action, also died before judgment and Mr. Combs and Anne L. Kettering became his executor and executrix and were substituted as plaintiffs in decedent's place. The two cases were consolidated for trial in the superior court but resulted in separate findings and judgments; they were also presented together in the District Court of Appeal. For convenience we shall refer to the original parties in this opinion.

for accounting. The cases were consolidated for trial but resulted in separate judgments.

In the *Mashon* case (2d Civ. No. 24619) the judgment awards Mrs. Mashon as executrix of her husband's estate $143,141.14 principal and $81,169.63 interest. The appellate court opinion shows that this included "damages for the Haddocks' failure to promptly render an accounting" (p. 164) in the sum of $14,082.15. Mrs. Mashon was awarded in her own right $25,933.33 principal and $9,755.37 interest. Her recovery was based upon two promissory notes payable to her and her husband as joint tenants and owned by her alone at the time of suit. In the *Kettering* case (2d Civ. No. 24620) plaintiffs recovered $11,000 principal plus interest of $3,460.72. The appellate court opinion concludes as follows (at pp. 180-181) : "This court holds that in the instant cases the date of the judgments is the date of the accounting in all its parts, and that no interest is to be charged before that date, with one exception, viz.: The promissory notes, which, according to their tenor and terms provide for interest at 4 per cent per annum and for attorneys' fees. That part of the judgment will stand. So far as damages are concerned, it is clear that there was no conduct on the part of the Haddocks for which damages should be assessed. . . . The judgments in these two cases will be modified to delete therefrom all interest due Mr. Mashon and Mr. Kettering in the accounting for the partnership and the joint ventures, except interest and attorneys' fees on the promissory notes. And the judgment in the *Mashon* case will also be modified to strike therefrom all damages." The phrase "except interest and attorneys' fees on the promissory notes" undoubtedly refers to the three notes held by Mrs. Mashon, two of which were her own property. Undoubtedly the judgment was affirmed as to her : "The promissory notes, which, according to their tenor and terms provide for interest at 4 per cent per annum and for attorneys' fees. That part of the judgment will stand." (P. 180.)

The remittitur issued by the clerk reads in pertinent part as follows: "IT IS ORDERED, ADJUDGED AND DECREED by the Court that the judgments are modified to delete therefrom all interest due Mr. Mashon and Mr. Kettering in the accounting for the partnership and the joint ventures, except interest and attorneys' fees on the promissory notes. And the judgment in the *Mashon* case will also be modified to strike therefrom all damages. As so modified the judgments are affirmed.

Costs to appellants.'' It will be noted that no reference is made to the statement (on p. 180) concerning interest on the notes and the accompanying language ''[t]hat part of the judgment will stand,'' also that the words ''[c]osts to appel-lants'' have been added though they do not appear in the court's opinion. ■ California Rules of Court, Rule 26(b)* provides that ''. . . In the absence of such directions by the reviewing court the clerk shall enter on the record and insert in the remittitur a judgment for costs as follows: . . .(3) in the case of a modification of a judgment, for the appellant; . . .'' Rule 25(a)†: ''. . . The remittitur shall be deemed issued on the clerk's entry thereof in the register, and shall be transmitted immediately, with a certified copy of the opinion, to the lower court or tribunal.'' The opinion thus becomes a part of the remittitur (see *Sasner* v. *San Diego Trust & Sav. Bank*, 34 Cal.App.2d 524, 541 [94 P.2d 65]), and the ministerial act of issuance of same (*Save The Trains Assn.* v. *Chicago & N. W. Ry. Co.*, 168 Neb. 180 [95 N.W.2d 334, 336]) cannot control the court's judgment.[2]

■ A remittitur merely ''designates the judgment of the appellate tribunal which is authenticated to the court from which an appeal is taken and corresponds to the 'mandate' used in the practice of the United States Supreme Court.'' (4 Cal.Jur.2d § 671, p. 562.) ■ The interpretation of a remittitur requires that the court's opinion be consulted, espe-cially in case of ambiguity (*Riggsby* v. *Tritton*, 147 Va. 1084 [133 S.E. 580, 581]; *Commonwealth* ex rel. *Kelley* v. *Kelly*, 322 Pa. 178 [185 A. 307, 310]; *State* ex rel. *Reynolds* v. *Breidenbach*, 205 Wis. 483 [237 N.W. 81, 82]; *Glissmann* v. *Bauermeister*, 146 Neb. 197 [19 N.W.2d 43, 47]; *Beecher* v. *Foster*, 66 W.Va. 453 [66 S.E. 643, 645]; *Town of Flora* v. *Indiana Service Corp*, 222 Ind. 253 [53 N.E.2d 161, 164]; *Davis* v. *Baum*, 192 Okla. 85 [133 P.2d 889, 892]; *Tuttle* v. *Irvine Constr. Co.'s Receiver*, 262 Ky. 361 [90 S.W.2d 359, 361]; *Helton* v. *Hoskins*, 278 Ky. 352 [128 S.W.2d 732, 734]; *Breuer* v. *Arenz*, 209 Wis. 435 [245 N.W. 116]; 5B C.J.S. § 1963, p. 541), and that meaning given to it which harmonizes with the court's ruling.

In this case the claims of Mr. and Mrs. Mashon were pre-

---

*Formerly Rules on Appeal, rule 26(b).

†Formerly Rules on Appeal, rule 25(a).

[2]This court rule has been in effect for many years and the uniform practice of the clerk of this court is and has been to attach the certified copy of the opinion to the remittitur. It is presumed that official duty was thus performed in this particular.

sented separately though in a single complaint; the judgments in their favor were likewise separate though in a single instrument. The one in favor of Mrs. Mashon reads as follows: ". . . 3. That plaintiff Gladys N. Mashon, in her personal and individual capacity, have and recover of and from defendants T. J. Haddock, J. E. Haddock and J. E. Haddock, Ltd., a corporation, each and all of them, jointly and severally the additional sum of $25,933.33 principal and $9,755.37 interest." Mrs. Mashon when acting in her own right was not an appellant; she was a respondent. The judgment in the case was dual in character; the part running in her favor was affirmed and not modified; the portion in favor of the husband's estate was modified and affirmed as modified. This last mentioned judgment drew costs in favor of appellants but not the portion which ran in favor of Mrs. Mashon individually. ██ Though contained in a single document, settled practice warrants the separate treatment of the two judgments for purposes of award of costs. (*de Leon* v. *Pacific Mut. Life Ins. Co.*, 186 Cal. 488, 493 [199 P. 789]; *Baldie* v. *Bank of America*, 97 Cal.App.2d 614 [217 P.2d 1011]; *Weck* v. *Los Angeles County Flood Control Dist.*, 89 Cal.App.2d 278, 281 [200 P.2d 806]; *Angelus Securities Corp.* v. *Ball*, 20 Cal.App.2d 423, 435 [67 P.2d 152].)

██ We conclude that a proper interpretation of the remittitur in this case justifies and requires an award to Mrs. Mashon of her costs on appeal with respect to her establishing the correctness of the judgment in her favor upon the two promissory notes.

██ This conclusion is not affected by the fact that the same problem was presented by respondents upon petition for rehearing in the District Court of Appeal, which petition was denied without opinion, and was again presented to that Court by petition to recall remittitur, which was likewise denied without comment. Such orders are not res judicata and do not establish the law of the case. (See *People* v. *Randazzo*, 48 Cal.2d 484, 487 [310 P.2d 413].)

██ Plaintiffs appealed from the order *re* costs in the *Kettering* case as well as in *Mashon*. The ruling just made concerning costs to Mrs. Mashon individually affects only her case, but the other two items—cost of stay bonds and petitions for rehearing, etc.—pertain to both cases.[3]

---

[3] Mrs. Mashon was awarded $475.39 against appellants; appellants were awarded costs of $5,121.88 against the estate of Mr. Mashon and $424.48 against the estate of O. C. Kettering.

Appellants assert error in the trial judge's refusal to allow them any of the premiums paid for stay bonds on appeal which they posted in both the *Mashon* and *Kettering* cases at a total cost of $5,737.60.

Section 1035, Code of Civil Procedure, provides: ''Whenever in this code or by other provision of law costs are allowed to a party to an action or other proceeding, such costs shall include the premium on any surety bond which was procured by the party entitled to recover costs in connection with the action or proceeding unless the court determines that the bond was unnecessary.'' It was held in *Stockton Theatres, Inc.* v. *Palermo,* 47 Cal.2d 469, 475-477 [304 P.2d 7]; 51 Cal. 2d 346, 348, 352 [333 P.2d 10], that the statutory provision was valid although bond premiums were not at that time mentioned in rule 26(c).* That rule was amended as of January 1, 1959, to include in taxable costs on appeal ''the premium on any surety bond procured by the party recovering costs, unless the court to which the remittitur is transmitted determines that the bond was unnecessary.'' ▮ It is well settled that the measure of the right to costs is the statute or rule of court authorizing same. (*Stockton Theatres, Inc.* v. *Palermo, supra,* 47 Cal.2d 469, 477; *Heimann* v. *City of Los Angeles,* 91 Cal.App.2d 311, 314 [204 P.2d 955]; *Wilson* v. *Board of Retirement,* 176 Cal.App.2d 320, 322 [1 Cal.Rptr. 373]; *Muller* v. *Reagh,* 170 Cal.App.2d 151, 153 [338 P.2d 601].)

▮ Defendants' verified memorandum of costs on appeal effected a prima facie showing that the bonds were a necessary expense of the appeals and the burden rests on the respondents to establish the contrary. ▮ In the absence of such proof the claimed item must be allowed unless it falls outside the purview of the statute or rule. (*Crag Lumber Co., Inc.* v. *Crofoot,* 156 Cal.App.2d 568, 570 [319 P.2d 668]; *Haydel* v. *Morton,* 18 Cal.App.2d 695, 696 [64 P.2d 954]; 13 Cal.Jur.2d § 59, pp. 282-283.) There was no such countervailing proof at bar. Appellants offered evidence in support of their memorandum, but same was not received.

Respondents' argument in support of the ruling is but an attempted carving of an exception or partial exception to the flat language of the statute and rule. ▮ The language of the *Palermo* case, *supra,* in 47 Cal.2d 469, 467, is pertinent: ''The general rule is that a court is not authorized in the con-

---

*Formerly Rules on Appeal, rule 26(c).

struction of a statute, to create exceptions not specifically made. If the statute announces a general rule and makes no exception thereto, the courts can make none.'' The ruling with respect to the stay bonds is erroneous.

The denial of costs of petition for rehearing, petition for hearing in the Supreme Court and reply to respondents' answer to the last mentioned document was not a factual determination but the assertion of a legal conclusion. It is in the teeth of rule 26(c) which designates as an item of costs on appeal ''the reasonable cost of printing or reproduction of briefs by other process of duplication;'' rule 40(k)* says: ''The word 'briefs' includes petitions for rehearing, petitions for hearing, and answers thereto.'' *Weck* v. *Los Angeles County Flood Control Dist.*, 89 Cal.App.2d 278, 283 [200 P.2d 806], holds *inter alia* that ''[t]he expense of preparation of briefs under the rules includes the preparation of petitions for rehearing and hearing in the Supreme Court.'' To the same effect see, *Haydel* v. *Morton, supra,* 18 Cal.App.2d 695, 696; *Lane* v. *Pacific Greyhound Lines,* 30 Cal.2d 914, 918 [187 P.2d 9]; *Heimann* v. *City of Los Angeles, supra,* 91 Cal. App.2d 311, 314; 3 Witkin, California Procedure, section 201, page 2403.

 Respondents rely upon the reasoning of the trial judge who said: ''When a party petitions the District Court of Appeal for a rehearing he appeals from the judgment of that court. His proceeding is an appeal, regardless of terminology, a mere matter of choice of words. If his petition is denied, he plainly is not the 'prevailing party.' The judgment he appealed from has been fully affirmed. When he petitions the Supreme Court for a hearing, he again appeals from the judgment of the District Court of Appeal. If this petition is denied, the judgment he appealed from has been fully affirmed, and he certainly has not prevailed in the appeal. The situation is significantly different when one opposes a petition for rehearing or a petition for hearing by the Supreme Court and is successful in his opposition. Obviously he then is the prevailing party as to such an appeal.'' With this we do not agree. We cannot engraft any such exception upon the statute —that the right to recover the printing costs is conditioned upon success of the particular petition or answer.

The order now under review is designated by the trial judge as ''Notice of Rulings on Motions Addressed to Memoranda

---

*Formerly Rules on Appeal, rule 40(k).

of Costs on Appeal,'' and was filed on June 28, 1961. That order is reversed as to its ruling that appellants cannot recover as costs on appeal the premiums paid upon stay bonds on appeal in each case or the cost of printing petition for rehearing in District Court of Appeal, petition for hearing in Supreme Court and answer to last mentioned petition; said order is affirmed in its ruling that plaintiff Gladys N. Mashon recover in her individual right costs on appeal in the sum of $475.39, and affirmed in all other respects. Respondent Gladys N. Mashon to recover from appellants her individual costs upon this appeal and appellants to recover their remaining costs upon this appeal from the other respondents.

Fox, P. J., and Herndon, J., concurred.