Filed 4/7/23  P. v. Butler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096209 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F06353) |
| v. | |
| JEROME BERNARD BUTLER, | |
| Defendant and Appellant. | |

We affirmed defendant Jerome Bernard Butler's convictions in July 2019, but remanded the matter for the trial court to consider exercising its new discretion to strike enhancements under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682) (Senate Bill No. 620) and Senate Bill No. 1393 (2017-2018, Reg. Sess.) (Stats. 2018, ch. 1013) (Senate Bill No. 1393).  On remand, the trial court declined to strike the enhancements, leaving intact the sentence of 95 years to life plus 10 years.

1

On appeal, defendant argues the trial court abused its discretion because the lengthy sentence does not serve the interests of justice and the trial court failed to consider the circumstances surrounding his offense and his rehabilitative efforts.

We conclude the trial court was unaware of its discretion under amended Penal Code section 1385[1] when it declined to strike the enhancements. Because the record does not clearly indicate that the trial court would have refused to exercise its discretion had it considered the mitigating circumstances in amended section 1385, we remand for resentencing.

BACKGROUND

*Original Proceedings*

The facts underlying defendant's offenses are taken from our unpublished opinion in defendant's previous appeal, *People v. Butler* (July 30, 2019, C082455) [nonpub. opn.] (*Butler*). We construed defendant's request for judicial notice as a motion to incorporate by reference the record on appeal in *Butler* and granted that motion.

Defendant shot the victim twice after the victim got into a fight with defendant's girlfriend and stepson. The victim died from the injuries. At trial, defendant testified the victim had a reputation of violence in his community, and he shot the victim out of fear. (*Butler, supra*, C082455.)

The jury found defendant guilty of second degree murder (§ 187, subd. (a)) and found true the allegations that he had personally used and discharged a firearm causing death. (§ 12022.53, subds. (b), (c), (d).) It also found defendant guilty of possession of a firearm as a convicted felon. (§ 29800, subd. (a)(1).) Defendant admitted prior serious and violent felony convictions, including a robbery conviction in 1996 and a conviction in 1997 for discharging a firearm at an inhabited dwelling. (*Butler, supra*, C082455.)

---

[1] Undesignated statutory references are to the Penal Code.

2

The trial court imposed an aggregate indeterminate term of 95 years to life along with a determinate term of 10 years. As relevant here, the sentence included a 25-year-to-life term for the firearm enhancement, and two five-year terms for defendant's prior serious and violent felony convictions. (*Butler, supra*, C082455.)

Defendant appealed the judgment. We remanded for the trial court to consider exercising its new discretion under Senate Bill No. 620 and Senate Bill No. 1393 but otherwise affirmed. (*Butler, supra*, C082455.)

*Proceedings on Remand*

On remand, defendant argued in his motion to dismiss enhancements that the trial court should exercise its discretion to strike the enhancements under Senate Bill No. 620 and Senate Bill No. 1393. The People also acknowledged that the trial court had the authority to strike the firearm enhancements and the prior convictions in the interest of justice under section 1385.

At the remand hearing in March 2022, the trial court declined to strike the firearm enhancement or the prior serious felony conviction enhancements. The trial court noted defendant took a life in the instant offense, and his prior convictions also involved "quite a bit of violence." It further commented several times on the complete lack of mitigating circumstances in the current offense or new information about defendant's rehabilitative efforts. Thus, although it was "fairly lenient" with cases remanded under recently changed sentencing laws, the trial court declined to exercise its discretion here.

Defendant timely appealed. We requested and received supplemental briefing from the parties regarding the application of Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721) (Senate Bill No. 81) in this case. (Gov. Code, § 68081.)

3

DISCUSSION

I

*Legal Background*

Senate Bill No. 620 amended section 12022.53, allowing the trial court to, "in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss" a firearm enhancement. (Stats. 2017, ch. 682, § 2, subd. (h).) This authority "applies to any resentencing that may occur pursuant to any other law." (*Ibid.*) The Legislature subsequently adopted Senate Bill No. 1393, which amended sections 667 and 1385, giving trial courts the discretion to strike or dismiss a prior serious felony conviction.[2] (Stats. 2018, ch. 1013, §§ 1-2; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971.)

Section 1385 underwent subsequent amendments. (Senate Bill No. 81; Stats. 2021, ch. 721, § 1, eff. Jan. 1, 2022.) It now requires a trial court to dismiss an enhancement if it is in furtherance of justice to do so, affording "great weight to evidence offered by the defendant to prove" that specified mitigating circumstances are present, unless the court finds that dismissal would endanger public safety. (§ 1385, subd. (c)(1), (2).) These mitigating circumstances include, as relevant here, that multiple enhancements are alleged in a single case, and that the enhancement is based on a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(B), (H).) These changes apply to sentencings occurring after January 1, 2022. (§ 1385, subd. (c)(7).)

---

[2] The Legislature made subsequent amendments to the two statutes without substantive change. (Stats. 2021, ch. 626, §§ 27, 63; Stats. 2019, ch. 497, § 195; Stats. 2018, ch. 423, § 114.)

4

## II

### *Application of Senate Bill No. 81*

We remanded this case for the trial court to "consider exercising its authority under SB [Senate Bill No.] 620 and SB [Senate Bill No.] 1393" but affirmed the judgment "in all other respects." (*Butler, supra*, C082455.) The People argue this direction limited the trial court's jurisdiction on remand to exercise the discretion under Senate Bill No. 620 and Senate Bill No. 1393, thus excluding the application of Senate Bill No. 81. We disagree.

When an appellate court remands a matter with directions governing the proceedings on remand, the trial court is bound by those directions, and any material variance from those directions is unauthorized and void. (*People v. Ramirez* (2019) 35 Cal.App.5th 55, 64.) However, "[i]f a remittitur is *ambiguous* the trial court can interpret it in light of the law and the appellate opinion to determine its duties." (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1368.) The meaning given to an ambiguous remittitur must be harmonized with the appellate court's ruling. (*Combs v. Haddock* (1962) 209 Cal.App.2d 627, 631.) "Whether the trial court correctly interpreted our opinion is an issue of law subject to de novo review." (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859.)

Here, our remittitur directed the trial court to consider exercising its discretion under Senate Bill No. 620 and Senate Bill No. 1393. (*Butler, supra*, C082455.) Senate Bill No. 620, effective January 1, 2018, authorized the trial court to dismiss or strike a firearm enhancement pursuant to section 1385. (Stats. 2017, ch. 682, § 2.) One year later, effective January 1, 2019, Senate Bill No. 1393 amended section 1385 to give trial courts the discretion to strike a prior serious felony conviction enhancement. (Stats. 2018, ch. 1013, § 2.) The remittitur did not have the benefit of Senate Bill No. 81, which came into effect more than two years later (Stats. 2021, ch. 721 [filed Oct. 8, 2021, eff. Jan. 1, 2022]; *Butler*, C082455 [filed July 30, 2019]), and thus did not address whether

the trial court must apply a version of section 1385 on remand that is "frozen in time" in 2019. Such ambiguity may be resolved by consulting with the law and by giving the remittitur a meaning that is harmonized with our prior opinion.

The Legislature passed Senate Bill No. 81 "to provide guidance to courts by specifying circumstances for a court to consider when determining whether to apply an enhancement." (Sen. Com. on Pub. Safety, Analysis of Sen. Bill No. 81, (2021-2022 Reg. Sess.) Feb. 8, 2021, p. 1.) In adopting Senate Bill No. 81, the Legislature noted that while over 150 sentence enhancements may be added to a criminal charge, judges had no guidance on how to exercise their discretion to dismiss a sentence enhancement. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading of analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Aug. 30, 2021, p. 2.) Quoting the California Supreme Court, the Legislature acknowledged existing law on when to impose or dismiss enhancements was an "amorphous concept." (*Ibid.*)

It is thus clear from the legislative history of Senate Bill No. 81 that the Legislature intended for it to provide the much needed guidance to trial courts on how to exercise their discretion to strike or dismiss an enhancement, including the firearm and prior serious felony conviction enhancements under Senate Bill No. 620 and Senate Bill No. 1393. Nothing in our opinion suggested we would direct the trial court to disregard guidance from the Legislature.

Because we conclude our remittitur incorporated Senate Bill No. 81, we need not decide whether the March 2022 hearing was a "sentencing" under the amended section 1385.

## III

### *Abuse of Discretion*

We review a trial court's decision not to strike prior serious felony enhancements or firearm enhancements for abuse of discretion. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586; *People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) "An abuse of discretion

6

occurs when the trial court . . . is unaware of its discretion." (*In re White* (2020) 9 Cal.5th 455, 470.) "When a court is unaware of its discretion, the remedy is to remand for resentencing unless the record clearly indicates that the trial court would have reached the same conclusion if it had been aware of its discretion." (*People v. Barber* (2020) 55 Cal.App.5th 787, 814.)

Here, the trial court stated multiple times during the hearing that it found no mitigating factors to support striking the enhancements. In one instance, after reviewing defendant's two prior felony convictions, both over 20 years old, the trial court concluded there was "no mitigation at all." But under amended section 1385, these two convictions would have weighed "greatly in favor of dismissing the enhancement." (§ 1385, subd. (c)(2)(H).) It is therefore clear from the record that the trial court was unaware of its discretion under amended section 1385 at the March 2022 hearing. We accept the People's concession that the record does not clearly indicate the trial court would have refused to exercise its discretion to strike the enhancements had it considered the mitigating factors in amended section 1385, subdivision (c). Indeed, the trial court was "fairly lenient" with cases remanded under recently changed sentencing laws, but simply could not find any mitigating circumstances here to support striking or dismissing the enhancements. Therefore, we shall remand the matter for resentencing.

We reject the People's argument that defendant has forfeited his claim by failing to request consideration of the mitigating circumstances under amended section 1385. Defendant's motion on remand sought relief under Senate Bill No. 620 and Senate Bill No. 1393 which, as discussed *ante*, incorporate section 1385 as modified by Senate Bill No. 81. He thus properly preserved the claim for appeal. In any event, we have the discretion to review a forfeited claim, especially when "the issue posed is purely a question of law based on undisputed facts, and involves important questions of public policy." (*Fisher v. City of Berkeley* (1984) 37 Cal.3d 644, 654, fn. 3; see *People v. Monroe* (2022) 85 Cal.App.5th 393, 400 [exercising discretion to consider the application

of Sen. Bill No. 1393 ]; *People v. Watson* (2021) 64 Cal.App.5th 474, 483 [exercising discretion to consider the then newly amended section 1170.95]; *People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310 [exercising discretion to consider a forfeited claim to "avert any claim of inadequate assistance of counsel" even when such a claim was not raised by defendant on appeal.)

We further disagree with the People that because defendant offered no additional supporting evidence at the hearing, the trial court was not required to consider the mitigating circumstances under section 1385, subdivision (c)(2). The record clearly shows that in the original proceedings, the trial court imposed multiple enhancements on defendant, two of which were based on prior convictions that are over 20 years old. These are mitigating circumstances under section 1385, subdivisions (c)(2)(B) and (H). It is unclear what other evidence defendant could have offered to prove them. Even the People acknowledge "some of the mitigating circumstances may have been apparent to the trial court."

## DISPOSITION

The case is remanded for resentencing to allow the trial court to exercise its informed discretion under section 1385. We express no opinion as to the ultimate sentence or the existence of other mitigating factors, but note the trial court should consider any additional, applicable changes to sentencing laws.

_____\s\_____,
McADAM, J.*

We concur:

\_\_\_\_\_\s\_____,
HULL, Acting P. J.

\_\_\_\_\_\s\_____,
RENNER, J.

---

\*     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.