[Civ. No. 16650.  First Dist., Div. One.  Sept. 30, 1955.]

LOIS LILLIAN PARKER, Appellant, v. ALLAN WADE PARKER, Respondent.

Freed & Freed, J. H. Brill, and Eugene A. Mash for Appellant.

Deasy & Edmiston for Respondent.

PETERS, P. J.—On May 7, 1954, the superior court entered its order modifying a custody decree. Lois Parker appealed. In due course the clerk's and reporter's transcripts were filed, and appellant filed her opening brief.  Thereafter, appellant moved to correct the record on appeal, and respondent moved to dismiss the appeal on the ground the same was moot. Both motions came on for hearing on the June calendar. During the argument, in response to questions from the court, respondent offered to stipulate that the order appealed from should be set aside.  Appellant accepted the stipulation.  The court, thereupon, ordered both motions denied, expecting counsel to agree upon a suitable order to dispose of the appeal.

Counsel have been unable to agree upon the form or nature of such order, thus making it necessary for this court to take some action to dispose of the appeal.

By the stipulation the parties agreed that the order of May 7, 1954, should be set aside, and, obviously, an order to that effect should be made. It is equally clear that the appeal from that order, having become moot, should be dismissed. The only doubtful question relates to costs on appeal. Rule 26(a) of the Rules on Appeal provides: "In any case in which the interests of justice require it, the reviewing court may make any award or apportionment of costs which it deems proper." In the instant case, the appellant has, in effect, been successful on her appeal by reason of respondent's stipulation that the order appealed from may be set aside. On the other hand, respondent, after appellant had filed the transcripts and her opening brief, secured from the trial court an order modifying the order of May 7, 1954, and then, in open court, saved the litigants the expense of further litigating the appeal, and the time of this court in considering it, by stipulating that the order of May 7, 1954, could be set aside. Under the circumstances, this court finds that the interests of justice would best be served by allocating costs on appeal two-thirds to appellant and one-third to respondent. It is therefore ordered:

1. Pursuant to the stipulation of the parties made in open court, the order of May 7, 1954, being the order appealed from, is set aside;

2. Costs on appeal are to be borne one-third by appellant and two-thirds by respondent; and

3. The appeal from the order of May 7, 1954, having become moot, is dismissed.

Bray, J., and Wood, J., concurred.