[Civ. No. 400.   Fifth Dist.   June 30, 1965.]

LEONARD L. WHIPPLE et al., Plaintiffs and Appellants, v. MARTHA J. COWDREY, Defendant and Appellant.

Taylor & Taylor and Edward T. Taylor for Plaintiffs and Appellants.

Zeff & Price and E. Dean Price for Defendant and Appellant.

STONE, J.—Appellants Whipple, husband and wife, appeal from an order taxing costs arising from a prior appeal. (*Whipple* v. *Haberle,* 223 Cal.App.2d 477 [36 Cal.Rptr. 9].) Appellant Cowdrey challenges one item of cost allowed. Because both parties are appellants here and Whipples were appellants and Cowdrey was a respondent in the prior appeal, we shall herein refer to the Whipples as ''plaintiffs'' and to Cowdrey as ''defendant.''

The background of the litigation is, briefly, that plaintiffs brought an action against five defendants, some of whose interests were identical. Two of the defendants, Mr. and Mrs. Haberle, filed a cross-complaint against plaintiffs. The trial court entered judgment against plaintiffs on the complaint and also on the cross-complaint. Plaintiffs appealed, and in

*Whipple* v. *Haberle, supra,* this court reversed the judgment on the complaint as to defendant Cowdrey only; otherwise the judgment was affirmed as to the complaint and the cross-complaint.

The opinion made no mention of costs. Consequently the clerk of this court followed rule 26(b) of California Rules of Court and inserted in the remittitur: "Appellants to recover costs on appeal." From this ambiguous language arises the question of what costs do plaintiffs recover and from whom.

No motion was filed pursuant to rule 25(d), to have the remittitur recalled by this court to correct the omission of a specific allowance of costs in the opinion. Rather, the parties moved in the trial court to tax costs.

Plaintiffs claimed the full cost of reporter's and clerk's transcripts and of briefs on appeal. The trial court determined that four separate interests were represented by the various defendants and, further, that Cowdrey represented a single interest. Since she was the only losing defendant, one-fourth of the allowed costs on appeal were taxed to her. However, plaintiffs were denied any part of the costs of briefs for petitions for rehearing and for hearing in the Supreme Court, and they were denied reimbursement from Cowdrey for costs paid the successful defendants.

A bit of incongruity was added by allowing plaintiffs to recover from defendant Cowdrey the cost of the premium for a stay bond on their appeal from the judgment on the cross-complaint to which Cowdrey was not a party.

The trial court was clearly in error in denying plaintiffs any of the expense for preparation of briefs for rehearing and hearing in the Supreme Court. These have been established as legitimate costs on appeal. (*Weck* v. *Los Angeles County Flood Control Dist.,* 89 Cal.App.2d 278, 283 [200 P.2d 806]; *Haydel* v. *Morton,* 18 Cal.App.2d 695, 696 [64 P.2d 954]; *Lane* v. *Pacific Greyhound Lines,* 30 Cal.2d 914, 918 [187 P.2d 9].)

The primary question, however, is whether appeal costs may be apportioned among litigants in a single lawsuit if their interests differ. Plaintiffs argue there can be no apportionment unless there has been a consolidation of separate cases for trial, resulting in separate judgments. They point out that the cases relied on by defendant Cowdrey (*Baldie* v. *Bank of America,* 97 Cal.App.2d 614 [217 P.2d 1011]; *Weck* v. *Los Angeles County Flood Control Dist., supra,* at p. 281;

and *Combs* v. *Haddock*, 209 Cal.App.2d 627 [26 Cal.Rptr. 252]), all fall within this category.

■ Although we have been cited no cases squarely in point, there appears to be no logical reason why costs may not be apportioned among multiple parties if justified by the circumstances surrounding the appeal.

■ Unquestionably, an appellate court has the authority to apportion appeal costs by its opinion, under rule 26(a) which provides that "the reviewing court may make any award or *apportionment* of costs which it deems proper." (Italics added.) ■ However, in considering this appeal from an order taxing costs, we are not exercising our discretion under rule 26(a), but reviewing a determination by the trial court. So the question immediately arises: When the remittitur is ambiguous, how should an appellate court test the apportionment of appeal costs made by the trial court?

■ The logical answer, we think, is expressed in *Combs* v. *Haddock, supra,* at page 631, to wit: "The interpretation of a remittitur requires that the court's opinion be consulted, especially in case of ambiguity [citations] and that meaning given to it which harmonizes with the court's ruling."

Therefore we turn to the opinion, *Whipple* v. *Haberle, supra,* which gave rise to the taxing of costs to which the parties take exception. The case started with an escrow wherein plaintiffs Whipple agreed to buy a house from defendants Haberle. The purchase was conditioned upon Whipples' getting a F.H.A. loan through the offices of defendant Cowdrey. Two other defendants were holders of a lien on the property, and the fifth was a real estate agent. The opinion recites that Cowdrey misled both Whipples and Haberles to believe the F.H.A. loan approval had been secured and that it would be just a matter of time until the escrow was closed. On this representation, Whipples moved into the house under a rental arrangement with the Haberles. Later, when Whipples and Haberles learned the loan had not been approved, Whipples refused to move out of the house. They sued the owners, the lienholders, the real estate agent, and Cowdrey. The owners cross-complained for treble rent. The trial court found against Whipples and for all defendants as to the complaint, and also against Whipples on the cross-complaint, allowing treble damages.

■ Upon appeal to this court, Whipples were successful in getting the judgment on the complaint reversed as to defendant Cowdrey only; the judgment was affirmed as to all

other defendants. The opinion holds that as to the complaint defendant Cowdrey was at fault, and the sole person at fault. Therefore Whipples are entitled to recover from Cowdrey their costs on appeal from the judgment on the complaint.

As to the cross-complaint, however, the opinion holds, at page 486: "Mrs. Cowdrey is not responsible for any part of the treble rentals awarded the Haberles as against the Whipples, for they are based on the subsequent creation of a landlord and tenant relationship, and the wilful refusal of the Whipples to remove from the premises, with which Mrs. Cowdrey had nothing to do."

It follows that as to the cross-complaint Whipples should recover no costs from Cowdrey.

Our review of the opinion, of the record, and of the briefs in the first appeal, impels the conclusion that the complaint and the cross-complaint should be treated as separate sources of costs. Since the causes of action on the complaint and the cross-complaint were tried together, it is impractical, if not impossible, to segregate matters applicable to the complaint from those pertaining to the cross-complaint. Much of the testimony is applicable to both. Although it is difficult to apportion costs with complete exactness under these circumstances, it appears to us that the fair allocation of costs is to consider one-half arising from the appeal on the complaint chargeable to Cowdrey, the Whipples to stand the other half arising from the cross-complaint.

This pragmatic solution is not applicable to the premium for a stay bond on Whipples' appeal from the judgment on the cross-complaint. The item is clearly severable and Mrs. Cowdrey has appealed from its allowance, and justly so since *Whipple* v. *Haberle, supra,* holds that "Mrs. Cowdrey is not responsible for any part of the treble rentals awarded the Haberles." Therefore it was error to charge the premium on the stay bond to her.

The judgment is reversed and the cause remanded to the trial court with instructions to enter a judgment allowing plaintiffs Whipple one-half of each item specified in their memorandum of costs and disbursements on appeal, excepting therefrom the premium on surety bond. The parties to this appeal shall bear their own costs.

Conley, P. J., and Brown (R. M.), J., concurred.