[Civ. No. 31169.   Second Dist., Div. Two.   Jan. 8, 1969.]

MORRIS SCHWARTZ, Plaintiff and Appellant, v. FRED SCHWARTZ, Defendant and Respondent.

FRED SCHWARTZ, Plaintiff and Respondent, v. MORRIS SCHWARTZ, Defendant and Appellant.

(Consolidated Actions.)

Morris Schwartz, in pro. per., for Plaintiff and Appellant and for Defendant and Appellant.

Fred Schwartz, in pro. per., for Defendant and Respondent and for Plaintiff and Respondent.

HERNDON, J.—Morris Schwartz appeals from an order taxing costs arising from a prior appeal (2d Civil No. 27797 certified for nonpublication). By its order the trial court allowed two-thirds and disallowed one-third of Morris' recoverable appellate costs. It also disallowed his costs incurred in connection with his petition for hearing in the Supreme Court, which was denied. He contends that these latter costs should have been allowed and there should have been no apportionment made as to those items that were allowed.

A brief history of the prior proceedings in this matter is necessary to an understanding of the issues now before us. The instant appeal, as did the earlier appeal, arises from two separate proceedings involving Morris and his brother, Fred Schwartz, which had been consolidated for trial. Los Angeles Superior Court Case No. 725339 is an action for dissolution of a partnership and for an accounting initiated by Morris as plaintiff against Fred as defendant. Los Angeles Superior Court Case No. 743101 is an action brought by Fred and his wife, Harriet Jean Schwartz, to declare a constructive trust with respect to a certain parcel of real property.

Although these "consolidated" actions were determined by one document captioned "Judgment," nevertheless they were distinguished by their respective numbers throughout all proceedings in the court below and their separate identities were retained in the judgment itself, e.g., the trial costs were separately designated and awarded in each case. In addition, the pleadings were separate and distinct in each action and, by agreement, evidence was received, arguments made and the cause was submitted in No. 743101 prior to the commencement of No. 725339.

Each action having been determined adversely to Morris and in favor of Fred or Fred and his wife, Morris appealed. Although his notice of appeal merely referred to the one "Judgment," his "Designation of Record on Appeal in Consolidated Action*s*" (italics added), and the contention set forth in his brief filed therein, made clear that he sought to overturn the trial court's decisions in both of these two separate, but consolidated, actions. Similarly, the appellate opinion filed by another division of this court treated the two proceedings separately, devoting pages 1-15 to No. 743101, and pages 15-29 to No. 725339. It concluded with the following language:

"The portion of the judgment [No. 743101] which determines that Fred Schwartz and Harriet Jean Schwartz

husband and wife, are the owners in fee simple and entitled to the possession of the real property described in paragraph V thereof, and that Morris Schwartz has no right, title, claim or interest in said property is affirmed. The portion of the judgment [No. 725339] relating to the partnership accounting is reversed with directions to take a new accounting consistent with the views expressed herein and to enter judgment accordingly.''

Morris thereafter petitioned for hearing in the Supreme Court as to that portion of the appellate court's decision affirming the judgment in No. 743101. This petition was denied.

In view of the ferocity with which this emotionally charged proceeding had been conducted over the years,[1] it is unfortunate that neither the opinion of the appellate court nor its remittitur made an express and specific allocation or apportionment of the appellate costs incurred therein. This potential source of further dispute was compounded by the fact that the clerk failed to comply with the commandment of California Rules of Court, rule 26(b), and inserted on the remittitur the enigmatic notation: ''Prevailing party to recover costs.''

Subdivision (a) of rule 26 is a commandment directed to the appellate court itself and provides in pertinent part: ''Except as hereinafter provided, the prevailing party shall be entitled to his costs on appeal as an incident to the judgment on appeal. In the case of a general and unqualified affirmance of the judgment, or the dismissal of an appeal, the respondent shall be deemed the prevailing party; in the case of a reversal, in whole or in part, or of a modification of the judgment, the appellant shall be deemed the prevailing party. In any case in which the insterests of justice require it, the reviewing court may make any award or apportionment of costs which it deems proper.''

Subdivision (b) of rule 26 is directed to the clerk of the court and provides:

---

[1]In a memorandum opinion dated March 30, 1962, one of the superior court judges who presided herein reviewed the historical events leading to the breach between the brothers and aptly stated: ''Bitter and prolonged battle ensued, with a dozen lawsuits mushrooming from the dank and ugly soil of fraternal strife. By chance the brothers met in the yard, and the younger assaulted the older with an iron bar, laying open his head.'' It appears that following the rendition of this opinion, the relationship between the brothers did not improve.

"In any case in which the reviewing court directs the manner in which costs shall be awarded or denied, the clerk shall enter on the record and insert in the remittitur a judgment in accordance with such directions. In the absence of such directions by the reviewing court the clerk shall enter on the record and insert in the remittitur a judgment for costs as follows: (1) in the case of a general and unqualified affirmance of the judgment, for *the respondent*; (2) in the case of a dismissal of the appeal, for *the respondent*; (3) in the case of a modification of the judgment, for *the appellant*; and (4) in the case of a reversal of the judgment, in whole or in part, with or without directions, for *the appellant*. In any case where the clerk fails to enter judgment for costs as provided in this subdivision, the reviewing court, on a motion made not later than 30 days after issuance of the remittitur, or on its own motion, may recall it for correction." (Italics added.)

Although it is manifest that compliance with subdivision (b) requires the clerk to enter judgment for costs either for "appellant" or "respondent" rather than "the prevailing party," the clerks of this appellate district over the years apparently have developed the practice of using the latter expression (1) whenever they are uncertain how to comply with rule 26(b) because of the multiplicity of the parties, or the existence of multiple appeals or cross-appeals from the judgment; or (2) whenever they feel that the court's decision is one that has produced a result in which it would have been appropriate for the court to have exercised its discretion to award or apportion costs contrary to the general rule but it has failed so to do.

Neither of these reasons is a sufficient justification for this unauthorized practice and it should be discontinued. It serves no useful purpose and is subject to potential misinterpretation and needless additional proceedings in the trial court. In either instance, the clerk should seek clarification from the court so that the matter may be definitively resolved either in the opinion itself or in the remittitur when issued. The practice is especially unsuitable insofar as it implies that the trial court may exercise the discretion given the appellate court under the guise of determining who, in equity, should be regarded as the prevailing party notwithstanding the mandatory requirements of the general rule enunciated in rule 26, subdivisions (a) and (b).

In the instant case Fred Schwartz urged that the language of the remittitur not only permitted the trial court to

disallow Morris' costs on appeal insofar as they related to the determination in No. 743101 which was affirmed, but also to determine that in the interests of justice he should be deemed the "prevailing party" in No. 725339 despite the reversal therein, i.e., he asserted that he had suggested and conceded the primary error in the accounting action which had resulted in its being remanded for further proceedings.

This contention was properly rejected by the trial court. The term "prevailing party" is defined by rule 26, subdivisions (a) and (b). The appellate court alone may, in its discretion, make an award where the interests of justice warrant it. (Cf. *Barber* v. *Irving*, 226 Cal.App.2d 560, 568-569 [38 Cal.Rptr. 142]; *Graddon* v. *Knight*, 138 Cal.App.2d 577, 585-586 [292 P.2d 632]; *Parker* v. *Parker*, 135 Cal.App.2d 782, 783 [288 P.2d 29]; *Malinson* v. *Black*, 83 Cal.App.2d 375, 381 [188 P.2d 788].) Where costs have been inadvertently awarded to one who is not the prevailing party, this error may be corrected by the appellate court upon motion to withdraw the remittitur. (*In re McGee*, 37 Cal.2d 6, 10 [229 P.2d 780]; *Estate of Brisacher*, 175 Cal.App.2d 370, 371 [346 P.2d 255].)

However, even if the clerk had inserted the words "Appellant to recover costs" in the remittitur issued in the instant case, the judgment for costs would still have been incomplete and ambiguous by reason of the duality of the former appeal and the conflicting determinations made therein. (Cf. *Whipple* v. *Cowdrey*, 235 Cal.App.2d 501, 503 [45 Cal. Rptr. 343] et seq.; *Combs* v. *Haddock*, 209 Cal.App.2d 627, 631 et seq. [26 Cal.Rptr. 262].) The trial court therefore was required to interpret the remittitur in accordance with the rule enunciated in the *Whipple* and *Combs* decisions.

"A remittitur merely 'designates the judgment of the appellate tribunal which is authenticated to the court from which an appeal is taken and corresponds to the "mandate" used in the practice of the United States Supreme Court.' [Citation.] The interpretation of a remittitur requires that the court's opinion be consulted, especially in case of ambiguity [citations], and that meaning given to it which harmonizes with the court's ruling." (*Combs* v. *Haddock*, *supra*, 209 Cal.App.2d 627, 631. *Whipple* v. *Cowdrey*, *supra*, 235 Cal.App.2d 501, 504.)

The trial court properly determined that Morris was not entitled to his appellate costs in connection with his appeal No. 743101 in which the determination in favor of

Fred and his wife, Harriet, had been affirmed, although his right to recovery was clear in No. 725339 since the appellate court had not exercised its discretion to make a contrary award when it had reversed the determination made therein. Again, as we stated in *Combs,* at page 632: "The judgment·in the case was dual in character; the part running in [Mrs. Mashon's] favor was affirmed and not modified; the portion in favor of the husband's estate was modified and affirmed as modified. This last mentioned judgment drew costs in favor of appellants but not the portion which ran in favor of Mrs. Mashon individually. Though contained in a single document, settled practice warrants the separate treatment of the two judgments for purposes of award of costs. [Citations.]"

Similarly, the court in *Whipple* stated at pages 503-504: "The primary question, however, is whether appeal costs may be apportioned among litigants in a single lawsuit if their interests differ. Plaintiffs argue there can be no apportionment unless there has been a consolidation of separate cases for trial, resulting in separate judgments. They point out that the cases relied on by defendant Cowdrey (*Baldie* v. *Bank of America,* 97 Cal.App.2d 614 [217 P.2d 1011]; *Week* v. *Los Angeles County Flood Control Dist., supra* [89 Cal.App.2d 278], at p. 281 [200 P.2d 806]; and *Combs* v. *Haddock,* 209 Cal.App.2d 627 [26 Cal.Rptr. 252]), all fall within this category.

"Although we have been cited no cases squarely in point, there appears to be no logical reason why costs may not be apportioned among multiple parties if justified by the circumstances surrounding the appeal."

The instant proceeding not only involved consolidated cases that were separately pleaded, and in large measure separately tried, but also involves separate parties to the extent that Mrs. Harriet Jean Schwartz was the respondent on appeal in No. 734101 but was not a party to No. 725339. Since the determination in No. 734101 was affirmed, the trial court properly "apportioned [Morris' appellate costs] on the basis of the portions of the transcripts and briefs devoted to each case" despite the fact that the former appeal was "presented on one clerk's transcript, one reporter's transcript and one set of briefs." (*Baldie* v. *Bank of America,* 97 Cal.App. 2d 614 [217 P.2d 1011].)

Since Morris does not object to the apportionment made, in the event that we reject his contention that no apportionment was permissible, we need not consider the argument of Fred,

who has not appealed, that the costs should have been apportioned one-half/one-half rather than one-third/two-thirds as determined by the trial court. (Cf. *Whipple* v. *Cowdrey, supra,* 235 Cal.App.2d 501, 505.)

█ We also sustain the trial court's denial of Morris' costs incurred in his petition for hearing following the original appellate decision herein. These costs were not denied because Morris was not the "prevailing party" in regard *to this particular petition,* i.e., the right to recover printing costs is not conditional upon the success of the particular petition or brief. (*Combs* v. *Haddock, supra,* 209 Cal.App.2d 627, 634.) They were denied because they related solely to case No. 743101 as to which Morris was not entitled to any appellate costs.

The order under review is affirmed.

Roth, P. J., and Fleming, J., concurred.