Filed 10/22/14  Quartz Hill Cares v. City of Lancaster CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| QUARTZ HILL CARES,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>CITY OF LANCASTER et al.,<br><br>        Defendants and Respondents;<br><br>WAL-MART STORES, INC.,<br><br>        Intervener and Respondent. | B248060 consolidated with B250864<br><br>(Los Angeles County<br>Super. Ct. No. BS122336) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed.

Leibold McClendon & Mann and John G. McClendon for Plaintiff and Appellant.

Stradling Yocca Carlson & Rauth and Allison E. Burns for Defendants and Respondents.

Manatt, Phelps & Phillips, Jack S. Yeh and Keli N. Osaki for Intervener and Respondent.

_____

INTRODUCTION

Quartz Hill Cares appeals from the judgment of the trial court discharging its preemptory writ of mandate. Quartz Hill Cares contends that the writ was based on the trial court's misconstruction of the disposition in our previous opinion in this case (*Quartz Hill Cares v. City of Lancaster* (Mar. 15, 2012, B227957) [nonpub. opn.]) (*QHC I*). We conclude the trial court correctly applied our disposition. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Quartz Hill Cares filed a petition for writ of administrative mandate challenging the certification by the City of Lancaster and the City Council of the City of Lancaster (the City) of the Final Environmental Impact Report (FEIR) for a project to develop commercial retail and restaurant facilities on residentially-zoned property (the project). The writ petition alleged that the City's approval of the applications submitted by Wal-Mart Stores, Inc. (Walmart) to develop the project violated various provisions of the Planning and Zoning Law (Gov. Code, § 65000 et seq.) and the FEIR violated certain directives in the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.[1] & Cal. Code Regs., tit. 14, § 15000 et seq. (Guidelines)). The trial court denied the writ petition and Quartz Hill Cares appealed.

In *QHC I*, we rejected Quartz Hill Cares' five contentions under the Planning and Zoning Law and two contentions under CEQA. However, agreeing with one contention, we reversed the judgment denying Quartz Hill Cares' petition for writ of mandate on the sole ground that the necessary supporting data was missing from the FEIR's analysis of one alternative to the project. Specifically, we held that "the FEIR is insufficient as an informative document because its finding that the Reduced Commercial Density Alternative was not economically viable lacks the requisite evidentiary support. Because its conclusion is unsupported by substantial evidence, therefore, the City prejudicially

---

[1]    All further statutory references are to the Public Resources Code, unless otherwise noted.

abused its discretion by failing to proceed in a manner required by CEQA." Our opinion explained, "We agree with Quartz Hill Cares' argument, citing *Citizens of Goleta Valley v. Board of Supervisors* (1988) 197 Cal.App.3d 1167 (*Goleta Valley*), that the evidence of economic infeasibility was not specific and concrete such as would justify the FEIR's conclusion to reject the alternative as 'not economically viable.' " Our disposition reversed the judgment "in accordance with the views expressed in [the] opinion."

After our opinion was filed, Wal-Mart and the City evaluated how to proceed in light of our holding. They considered whether to make changes or additions to the previously certified FEIR, or whether circumstances and the statutes required they prepare a subsequent or supplemental EIR (SEIR). Concluding the circumstances did not necessitate an SEIR (Guidelines, §§ 15162 & 15164), Wal-Mart prepared an addendum to the FEIR, and the City determined that pursuant to Guidelines section 15164, subdivision (c), circulation of the addendum for public review was not required. As part of the addendum, Wal-Mart's expert prepared a memorandum entitled "The Commons at Quartz Hill (Lancaster, CA) – Analysis of Economic Feasibility of Reduced Commercial Density Alternative" for the purpose of supplying the missing data to support the FEIR's finding that the Reduced Commercial Density Alternative was not economically feasible.

The City Council held a public meeting on December 11, 2012, after which it passed Resolution No. 12-72 that certified the FEIR and addendum, adopted the necessary environmental findings, a statement of overriding considerations, and the mitigation monitoring program, and approved an amendment to the City's General Plan, known as General Plan Amendment No. 06-04.

Quartz Hill Cares submitted its proposed judgment after appeal which included a proposed peremptory writ of mandate ordering the City to set aside and vacate the adoption of all of the project approvals, including the earlier certification of the entire FEIR. Wal-Mart, joined by the City, objected to Quartz Hill Cares' proposed judgment and writ on the grounds, inter alia, that it was overbroad, inconsistent with CEQA, and an inappropriate mischaracterization of our opinion.

3

The trial court sustained all of Wal-Mart's objections but two, which two are not at issue here. The court found that our opinion in *QHC I* had "affirmed the [previous] judgment in full except for one issue . . . ." and that our remititur remanded the matter to the trial court. Accordingly, the trial court entered judgment after appeal in favor of Quartz Hill Cares and against the City and Wal-Mart on the claim of insufficient evidence in the FEIR to support the finding that the Reduced Commercial Density Alternative was not economically viable. The court entered judgment in favor of the City and Wal-Mart and against Quartz Hill Cares "[a]s to all of [Quartz Hill Cares'] remaining claims."

Turning to the writ of mandate, the trial court found pursuant to section 21168.9, that the portion of the FEIR identified as deficient in our opinion was severable from the remainder of the FEIR, that severance would not prejudice complete and full compliance with CEQA, and that the remainder of the project complied with CEQA. The writ severed the deficient finding and required the City to "take appropriate action to ensure compliance with the California Environmental Quality Act ('CEQA') with respect to the sufficiency of evidence in the EIR to support the City's Finding that the Reduced Density Alternative was not economically viable as specifically identified in and consistent with the Court of Appeal Opinion." The court retained jurisdiction over the proceedings in accordance with section 21168.9, subdivision (b) until it determined that the City had complied with CEQA.

In February 2013, the City filed its return requesting discharge of the writ. The return explained that the City had prepared the addendum, held the public meeting on the project, and adopted the addendum in Resolution No. 12-72. Quartz Hill Cares objected to the return on the ground that the City "did not de-certify the [FEIR] for the Project" and did not circulate the addendum for public review and comment. Finding "that the City has complied with the Peremptory Writ of Mandate issued by the Court on January 18, 2013," the trial court discharged the writ of mandate. Quartz Hill Cares' timely appeal followed.

4

CONTENTIONS

Quartz Hill Cares contends that the trial court improperly discharged the writ because our disposition required decertification of the entire FEIR; the issue addressed in the addendum could not be severed from the FEIR; and the trial court erred in failing to recirculate the revised portion of the FEIR for public comment.

DISCUSSION

Our disposition in *QHC I* "reversed in accordance with the views expressed in this opinion" the trial court's judgment denying Quartz Hill Cares' writ petition. Such a disposition is "an appropriate summary method of incorporating by reference directions, as to proceedings on a retrial, *specifically indicated in the body of the opinion*." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 885, p. 946, italics added.) To determine what was intended by our disposition, it must " 'be read in conjunction with the appellate opinion *as a whole*' [citation] and, . . . considered in the framework of the statutory scheme to which it relates." (*In re Candace P*. (1994) 24 Cal.App.4th 1128, 1132, italics added; *Schwartz v. Schwartz* (1969) 268 Cal.App.2d 685, 690.) Whether the trial court correctly interpreted our opinion is a question of law subject to our independent review. (*Ayyad v. Sprint Spectrum, L.P*. (2012) 210 Cal.App.4th 851, 859.)

Quartz Hill Cares contends that *QHC I* required the City to decertify the entire FEIR and revise and recirculate the corrected portion of the FEIR to the public. All of the arguments in Quartz Hill Cares' opening brief hinge on a sub-subheading on page 23 of our *QHC I* opinion that "*Certification of the FEIR must be reversed* because the City failed to provide sufficient evidence to support its conclusion that the Reduced Commercial Density Alternative was 'not economically viable.' " (Italics omitted.) To support its central contention that *QHC I* required decertification of the entire FEIR, Quartz Hill Cares quotes the italicized portion of this sub-subheading out of context, while ignoring the remainder of the sentence and of the opinion.[2] " 'Some

---

[2]     See, for example Quartz Hill Cares' arguments: (1)  "[A]dendums can only be used in conjunction with 'a previously certified EIR.' [Citation.]  Consequently, instead of reversing the FEIR's certification as the *Opinion* required . . . the City recertified the

misimpressions are created by the reader or critic who takes a sentence or paragraph from an opinion, sometimes out of context, and analyzes it as a Shakespeare scholar would, or as though it were a verse from Holy Writ, discovering hidden meanings, innuendoes, and subtleties never intended.' [Citation.]" (*Harris v. Superior Court* (1992) 3 Cal.App.4th 661, 666 -667.)

There is no ambiguity about the intention in our disposition. The opinion as a whole readily discloses a single ground for our reversal, namely that the FEIR's analysis of one project alternative lacked supporting evidence. Otherwise, we rejected *all* of Quartz Hill Cares' remaining CEQA-based challenges, thus confirming that the remainder of the FEIR complied with CEQA. Our holding is law of the case to which the trial court is bound. (*Stockton Citizens for Sensible Planning v. City of Stockton* (2012) 210 Cal.App.4th 1484, 1498.) The trial court correctly rejected Quartz Hill Cares' sweeping interpretation and followed our holding by finding that our opinion "affirmed the judgment in full except for one issue" and that "[t]he remainder of the Project complie[d] with CEQA." Wholescale decertification of the FEIR was not necessary.

Quartz Hill Cares next contends that the trial court erred in finding pursuant to section 21168.9 that the portion of the FEIR identified as deficient in *QHC I* is severable from the remainder of the FEIR. Quartz Hill Cares contends severance does not comport with our opinion which required decertifying the entire FEIR.

The statutory scheme that is the context for our opinion (*In re Candace P.*, *supra*, 24 Cal.App.4th at p. 1132) confirms that decertification of the entire FEIR was not required as severance satisfied the disposition in *QHC I*. Section 21168.9 gives trial

---

defective FEIR- as well as the Addendum . . . ." (2) "Wal-Mart and the City obviously did not want the new judgment to include the *Opinion's* order that the City 'must reverse' its certification of the FEIR." (3) "[T]he *Opinion* ordered the City to reverse its CEQA . . . certification that '[t]he final EIR has been completed in compliance with CEQA.' " (4) "Every certification of a final EIR must be preceded by its circulation . . . ."

courts flexibility to tailor a remedy to fit a specific CEQA violation.[3] (*Preserve Wild Santee v. City of Santee* (2012) 210 Cal.App.4th 260, 288. (*Santee*).) Section 21168.9 " ' "expressly authorize[s] the court to fashion a remedy that permits some part of the project to go forward while an agency seeks to remedy its CEQA violations" ' " so that the issuance of a writ does not necessarily halt all work on a project. (*Santee*, at p. 288.) Thus, "[i]f a court finds . . . any determination, *finding, or decision of a public agency*" violates CEQA, section 21168.9 permits the court to mandate " 'that the *determination, finding, or decision* be voided by the public agency, *in whole or in part*' " upon making the findings listed in the statute. (*Santee*, at p. 288, italics in original, quoting from § 21168.9, subd. (a)(1).) Our opinion identified one solitary finding in the FEIR that violated CEQA, with the result severance of that finding under section 21168.9, subdivision (b) would not contravene our disposition.

Quartz Hill Cares argues that the trial court could not sever the Reduced Commercial Density Alternative from the FEIR because "[o]n its face," section 21168.9, subdivision (b) "does not address severance of portions of an EIR." To the contrary, section 21168.9, subdivision (b) allows a court to limit a mandate to "that portion of a

---

[3]     Section 21168.9 reads in relevant part, "If a court finds, as a result of a trial, hearing, or remand from an appellate court, that *any determination, finding, or decision of a public agency* has been made without compliance with this division, the court shall enter an order that includes one or more of the following:  [¶]  (1) A mandate that the determination, finding, or decision be voided by the public agency, *in whole or in part*. [¶] . . .[¶]  (b) Any order pursuant to subdivision (a) shall include only those mandates which are necessary to achieve compliance with this division and only those specific project activities in noncompliance with this division. *The order shall be made by the issuance of a peremptory writ of mandate specifying what action by the public agency is necessary to comply with this division.*  However, *the order shall be limited to that portion of a determination, finding, or decision **or** the specific project activity or activities found to be in noncompliance* only if a court finds that (1) the portion or specific project activity or activities are severable, (2) severance will not prejudice complete and full compliance with this division, and (3) the court has not found the remainder of the project to be in noncompliance with this division.  The trial court shall retain jurisdiction over the public agency's proceedings by way of a return to the peremptory writ until the court has determined that the public agency has complied with this division."  (§ 21168.9, subds. (a)(1) & (b), italics and bold added.)

7

determination, finding, or decision *or* the specific project activity or activities found to be in noncompliance." (Italics added.) This provision "limit[s] the court's mandates to only those necessary to achieve CEQA compliance and, if the court makes specified findings, to only 'that *portion of a determination, finding, or decision*' violating CEQA." (*Santee*, *supra*, 210 Cal.App.4th at p. 288, italics added.) Pursuant to that statute, the trial court here made the enumerated findings, and based thereon severed the portion of the FEIR that contains the *determination* that *QHC I* found violated CEQA, namely the finding that the Reduced Commercial Density Alternative was not commercially viable.

Finally, Quartz Hill Cares contends that the order discharging the writ was improper because it deprived the public of its "privileged position" in the CEQA process (*Concerned Citizens of Costa Mesa, Inc. v. 32nd Dist. Agricultural Assn.* (1986) 42 Cal.3d 929, 936) by enabling Wal-Mart and the City to utilize an addendum to avoid public review of, and comment on, the corrections. Quartz Hill Cares reasons that an addendum can only be used in conjunction with a previously certified EIR (Guidelines, § 15164, subd. (a)).[4] As our opinion mandated reversal of the FEIR's certification here, Quartz Hill Cares asserts that Guidelines section 15088.5 required the City to circulate the modified portions of a new FEIR for public review. However, as already analyzed, *QHC I* did not require decertification of the entire FEIR and so the City could proceed by use of an addendum. Public review was not required (*Ibid.*)

---

[4]     Guidelines section 15164, subdivision (c) states, "An addendum need not be circulated for public review but can be included in or attached to the final EIR or adopted negative declaration."

8

DISPOSITION

The judgment discharging the writ of mandate is affirmed. Appellant to bear costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KLEIN, P. J.

KITCHING, J.

9