[Civ. No. 13799. Second Dist., Div. Three. June 11, 1943.]

Estate of ALICE B. BAUER, Deceased. THE SARAH DAFT HOME, Appellant, v. ETHELBELL M. HANSEN, Respondent.

Riter & Cowan and William Ellis Lady for Appellant.

Meserve, Mumper & Hughes, Edwin A. Meserve and Roy L. Herndon for Respondent.

WOOD (Parker), J.—Appellant, the petitioner in a proceeding to determine heirship, was awarded costs. The essential facts in the proceeding, referred to, were stated in an opinion of this court relating to that proceeding, filed this day in the Matter of the *Estate of Bauer*, Civil No. 13798, *ante*, p. 152 [138 P.2d 717]. Appellant filed a memorandum of costs in the sum of $240.50. (The total of the items listed was $235.50.) Upon a motion by respondent the court taxed costs in the sum of $50.45, and the appeal is from that order. Prior to commencing the proceeding under sections 1080, 1081 and 1082 of the Probate Code to determine heirship, appellant filed a petition for declaratory relief to obtain a construction of the will. In preparation for the hearing of that petition appellant duly obtained the depositions of certain witnesses. When the matter came on for hearing, respondent's objection to proceeding in that matter, upon the ground that a petition for declaratory relief in a probate proceeding was not proper, was sustained and that matter was dismissed. Appellant then commenced the proceeding under sections 1080, 1081 and 1082 of the Probate Code. The parties entered into a written stipulation which provided among other things that, for the purpose of avoiding unnecessary expense, the depositions taken for the former proceeding could be used in the present proceeding.

Respondent moved to strike from the cost bill the items claimed as expenses in connection with the depositions and based the motion upon the grounds: (1) that costs incurred for depositions in a former action may not be taxed in a subsequent action between the parties even though the depositions were used in the subsequent action; and (2) that the costs claimed to have been incurred in connection with the depositions were excessive and unreasonable. Counsel for respondent made and filed an affidavit in support of said motion. The affidavit included the facts hereinabove stated relative to taking the depositions in the former proceeding, and stated further that respondent stipulated that said depositions taken in the former proceeding might be used in the present proceeding but there was no stipulation that the cost of taking the depositions might be charged in the present proceeding. The stipulation referred to was attached to the affidavit. The affidavit also alleged upon information and belief that the costs claimed in connection with the depositions were excessive and unreasonable. Counsel for appellant made and filed

an affidavit in opposition to the motion and stated that the depositions were obtained for use in the former proceeding and were not used therein but were used in the present proceeding and stated further "that the entering into of the stipulation to use said depositions in said heirship proceeding was for the purpose of avoiding the necessity of taking said depositions again." The affidavit in behalf of appellant also stated that the costs in connection with the depositions were reasonable.

The court disallowed certain items as follows: Witness fees in connection with taking depositions $23.10; notary fee $25.00; certificate $1.00; postage $1.50; stenographic services in preparation of depositions $116.40; copy of decree in Daft Estate $2.40; copy of petition to adopt, agreement to adopt, and decree of adoption $.65; and copy of findings and decree in the Daft Estate $15.00. The total of said disallowed items was $185.05.

Appellant contends that the costs in connection with taking the depositions should not have been disallowed, for the reason that the parties stipulated, as above stated, that the depositions might be used in the present proceeding.

Respondent asserts that the costs in connection with the depositions were not incurred in this proceeding but in the former proceeding and should be disallowed.

■ Costs are allowable only in the action in which the costs are incurred. In the case of *Carlson* v. *Lantz*, (1929) 208 Cal. 134, 142 [280 P. 531], which included an appeal from an order taxing costs, it was stated: "Item 31 in the sum of $28 was not incurred in this action, but was incurred for photographs in the former case (*Estate of Witt, supra* [198 Cal. 407 (245 P. 197)]), in which case it was properly taxable. The fact that it was not itemized in the former case did not, we think, justify its inclusion in the present case even if the photographs were used herein." ■ The stipulation relative to the use of the depositions in the present proceeding was limited, as stated in the affidavit on behalf of respondent, to a stipulation that the depositions might be offered in evidence, and did not include a stipulation relative to costs incurred in taking them.

The items of costs, which were shown by the cost bill to be in connection with the depositions, were the ones for witness fees and stenographic services in the sums of $23.10 and $116.40, respectively.

■ Respondent's motion to strike from the cost bill, and the affidavit in support thereof, stated also that the amounts of all of the items which were disallowed were excessive and unreasonable; and that the documents relative to the adoption proceedings were not used and were unnecessary. The affidavit on behalf of appellant stated that the amounts were reasonable and that the items were necessary, but it did not state facts to show the reasonableness of the amounts. The record on appeal does not show the materiality or length of the various documents referred to in the items. "If the items appear to be proper charges a verified memorandum is prima facie evidence that the same were necessarily incurred (*Miller* v. *Highland Ditch Co.*, 91 Cal. 103 [27 P. 536])...." (*Haydel* v. *Morton*, (1937) 18 Cal.App.2d 695, 696 [64 P.2d 954].) In referring to a similar situation it was stated in *Miller* v. *Highland Ditch Co.*, (1891) 91 Cal. 103 [27 P. 536], at page 106: "The rule, however, ought not to be extended, and, in our opinion, it should not be applied where the charges do not appear on their face to be proper and necessary. In such cases the burden should be on the claimant, and not on the moving party, and if he fails to introduce evidence to justify and sustain his charges, they should be stricken out on motion." One of the items which does not appear upon its face to be proper is the item of $25.00 for "notary fee." (See also *City of Los Angeles* v. *Abbott*, (1933) 129 Cal.App. 144, 153 [18 P.2d 785].) ■ It was established by the affidavit on behalf of respondent that the items of $2.40 for a copy of decree in the Daft Estate, and $15.00 for copy of findings and decree in the Daft Estate were included in an agreement between the attorneys for respondent and appellant that they would share equally in the payment of those items, and that respondent paid one-half thereof before the trial. The motion and affidavits presented issues as to whether the amounts were reasonable and the items were necessary. The determination of those issues was a matter within the discretion of the trial court, and, in the absence of an abuse of discretion, such determination should not be disturbed upon appeal. (7 Cal. Jur. 280, sec. 21; *Moss* v. *Underwriters' Report, Inc.*, (1938) 12 Cal.2d 266, 276 [83 P.2d 503].)

The order taxing costs is affirmed.

Shinn, Acting P. J., and Bishop, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 9, 1943. Curtis, J., voted for a hearing.