Filed 3/14/22  Anderson v. Way West CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THOMAS ANDERSON et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>WAY WEST, INC., et al.,<br><br>    Defendants and Respondents. | D077648<br><br><br>(Super. Ct. No. 37-2015-00027717-CU-CO-CTL) |

APPEAL from an order of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed in part; reversed in part; remanded with directions.

Robert Lucas Law, Robert W. Lucas; Derek T. Anderson and Derek T. Anderson for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

I.

INTRODUCTION

Plaintiffs Thomas and Donna Anderson (the Andersons) appeal an order partially denying their motion to tax certain costs listed in defendants

Way West, Inc. (Way West) and Russell Strom's memorandum of costs. The Andersons claim that the trial court erred in taxing only $2,581.15 of $5,523.11 in costs related to taking the deposition of a deponent named Mark Smith.[1] The Andersons maintain that the Smith deposition is not a legally recoverable cost *in this case* because the deposition was taken *in another case*.[2] The Andersons maintain that this is so even though the parties stipulated that the Smith deposition could be used in this case. The Andersons also contend that the trial court abused its discretion in failing to tax $2,032.78 in service of process costs related to defendants' attempt to take Smith's deposition *in this case* because, according to the Andersons, those costs were "unreasonable and unnecessary." Finally, the Andersons maintain that the trial court erred in failing to tax $28.08 in costs for a trial transcript because the trial court did not order the transcript, which is required in order for the cost to be recoverable.

We conclude that the Smith deposition costs were not legally recoverable because they were incurred in a different case. (*In re Bauer's Estate* (1943) 59 Cal.App.2d 161, 163 (*In re Bauer's Estate*) [concluding that costs related to a deposition taken in a related case were not recoverable notwithstanding parties' stipulation that the deposition could be used in the

---

[1] As explained in part II.A, *post*, Smith was a former defendant in this case who entered into a settlement with the Andersons. Smith is not a party to this appeal.

[2] In the trial court, the Andersons sought to tax a total of $5,523.11 in costs related to the Smith deposition. The trial court taxed $2,581.15 in costs related to the deposition. (See pt. II.C, F, I, *post*.) On appeal, the Andersons request that we direct the trial court to tax the remaining $2,941.96 in deposition costs on the ground that none of the costs pertaining to the deposition were legally recoverable.

proceeding in which costs were sought].)[3]  We further conclude that the Andersons forfeited their appellate claims pertaining to the service of process and trial transcript costs because they failed to raise either claim in the trial court.

Accordingly, we reverse the trial court's order insofar as it failed to tax all of the costs related to the Smith deposition and we remand the matter to the trial court with directions to tax an additional $2,941.96 in costs related to that deposition.  In all other respects, we affirm.[4]

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

A.  *The action*

In May 2016, the Andersons filed a first amended complaint against Way West, Strom, and Smith.  The complaint alleged that the Andersons entered into a contract with Way West, Strom, and Smith related to remodeling the Andersons' home and that Way West, Strom, and Smith breached the contract and committed fraud.

Prior to trial in the matter, the Andersons settled their claims against Smith for $25,000.

---

[3]     The Andersons contend that even if the Smith deposition costs could legally be recovered in this case notwithstanding that they were incurred in a different case, the trial court abused its discretion in taxing only $2,581.15 of the costs.  In light of our conclusion that *none* of the $5,523.11 in costs related to the deposition were recoverable, we need not consider this argument.

[4]     Defendants did not file a brief in this court and the Andersons have waived oral argument.  Accordingly, we decide the appeal on the record and the Andersons' opening brief.  (See Cal. Rules of Court, rule 8.220(a)(2).)

The trial court held a bench trial on the Andersons' claims against Way West and Strom in 2018. In September 2019, the trial court entered a judgment that stated in relevant part:

> "1. Judgment pursuant to [Code of Civil Procedure, section] 631.8[5] is granted on [the Andersons'] cause of action against [d]efendant Strom for fraud and punitive damages.
>
> "2. [The Andersons] are awarded $19,841 in economic damages against defendants Way West . . . and . . . Strom, on the breach of contract cause of action. This award is offset by the $25,000 settlement between plaintiffs and [d]efendant Mark Smith.
>
> "3. Judgment is entered in the amount of zero ($0.00) dollars.
>
> "4. Defendants Way West . . . and . . . Strom are defendants as against whom [the Andersons] did not recover any relief. [(§1032.)] Defendants Way West . . . and . . . Strom are the prevailing parties, and shall recover their costs in the amount of . . . ."6

---

5     Code of Civil Procedure section 631.8 provides in relevant part:

> "(a) After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment."

Unless otherwise specified, all subsequent statutory references are to the Code of Civil Procedure.

6     As noted in part II.H, *post*, in February 2020, the trial court modified the judgment by awarding defendants costs in the amount of $17,464.34.

B.  *Defendants' memorandum of costs*

In October 2019, defendants filed a memorandum of costs, listing a total of $30,038.53 in costs.  The memorandum listed $8,913.39 for deposition costs, $2,607.78 for service of process costs, and $6,424.73 for court-ordered transcripts, among other costs.  An accompanying exhibit provided details of the costs incurred.  As relevant to this appeal, the exhibit listed $5,523.11 in costs related to the taking of Smith's deposition, $2,032.78 in service of process costs related to multiple attempts to serve Smith for a deposition,[7] and $28.08 for the partial trial transcript of the trial court's intended statement of decision.

C.  *The Andersons' motion to tax costs*

It appears that the Andersons filed a motion to strike or tax costs in October 2019.[8]  The Andersons argued the following with respect to costs related to Smith's deposition:

> "Defendants' memorandum of costs . . . seeks $5,523.11 for the deposition of Mark Smith taken in another case and an

---

[7]    The exhibit did not specify the case in which costs related to the Smith deposition or the Smith deposition service of process costs were incurred.

[8]    Although the Andersons' memorandum of points and authorities in support of the motion is in the record, the motion itself is not contained in the record.  The Andersons' memorandum argued that the trial court should *strike* the defendants' memorandum on timeliness grounds.  In the alternative, the Andersons argued that the court should *tax* various costs. The trial court concluded that the memorandum of costs was timely and declined to *strike* the memorandum.  In their brief on appeal, the Andersons abandon their argument that the trial court should have stricken the defendants' motion.  Accordingly, we refer to the Andersons' motion as a motion to *tax* costs.

5

additional $2,107.78[9] in costs related to mostly failed attempts to serve Mark Smith related to that deposition. [Citation.]

"When a statute provides generally for an award of costs to a party, those costs are limited by [section] 1033.5, [subdivision] (b) unless the statute specifically provides otherwise. [Citation.] In this case, since the statute does not provide for the recovery of costs related to depositions taken in a different matter than the case for which recovery of costs is sought and the collective $7,630.89 referenced above sought by [d]efendants pertains to a deposition taken in another case, [d]efendants should not be allowed to recover those costs." (Boldface & italics omitted.)

The Andersons also contended that, while the defendants were seeking to recover $6,424.73 for court-ordered transcripts, "only $28.08 of the [$6,424.73] is recoverable because that represents the only portion of the transcripts of court proceedings that were ordered by the Court."

D. *Defendants' opposition*

Defendants filed an opposition in which they argued that, prior to the Smith deposition, the Andersons' counsel stipulated that the deposition could be used in this case. Defendants quoted e-mails setting forth the stipulation, and argued, "In addition to the exchange of emails confirming the Smith deposition taken 'in another case' could be used in the 'Anderson trial,' the parties further put their stipulation on record during the deposition – as Plaintiffs' counsel appeared at all three days of the Smith deposition."

One excerpt from the deposition states in relevant part:

---

9     Of the $2,107.78 in service of process costs related to Smith listed in the memorandum of costs, $75.00 pertained to a *trial* subpoena. The Andersons' challenge on appeal pertains only to the $2,032.78 in service costs related to attempts to serve Smith for a *deposition*.

6

"[Defendants' counsel]: Just some housekeeping details. I just want to clarify between [the Andersons' counsel] and me that we're using this deposition in the *Anderson versus Way West* case. Right?

"[Andersons' counsel]: Yes.

"[Defendants' counsel]: To the extent that either party wants to -- neither party will suggest that they didn't have an opportunity to cross-examine. We'll treat it as a deposition --

"[Andersons' counsel]: Right. We basically came to an e-mail agreement. I said, hey, look, I don't care if you use the deposition transcript, you know, as long as it's understood that both parties will have the right to call [Smith] as a witness. [¶] And the other part of it is that I would have the right to be here and ask questions, and I think that was our agreement.

"[Defendants' counsel]: Right." (Italics added.)

A second excerpt from the deposition states in relevant part:

"[Andersons' counsel]: [I have] [n]othing [to add] in terms of the ground rules and proceeding. And obviously I intend to ask a few questions that relate to the *Anderson* litigation.

"[Defendants' counsel]: And the parties have previously stipulated -- This is Volume II, but just for the clarity of the record, with the new reporter, the parties in the *Anderson* litigation, which are the Andersons, Way West, and Russell Strom, we've agreed that although this deposition is actually taking place in the Smith case, *Smith vs. Way West and Strom*, the Anderson parties and the defendants in that case have agreed that this deposition can be used in that case because the parties are here to cross-examine and elicit evidence and it can be used at trial by either side if for some reason Mr. Smith is unavailable or otherwise." (Italics added.)

Defendants further argued that the Andersons entered into the stipulation concerning the use of the Smith deposition because "Mr. Smith had successfully evaded service of process in the present case, as [the Andersons] knew based on an *ex parte* application brought due to Smith's evasion of service of process."

Defendants concluded their argument by stating that they were entitled to recover the costs related to the Smith deposition in light of the parties' stipulation and the fact that the Andersons' counsel "used the deposition for discovery in the case."[10]

With respect to the service of process costs, defendants argued in relevant part:

> "[T]he costs of service about which [the Andersons] complain are costs of service incurred in this case – the *Anderson* case. Defendants were able to obtain Mr. Smith's appearance at a deposition by issuing a Notice of Deposition in the "other" case, styled *Smith v Way West* – and, as [the Andersons] know, deposition notices do not need to be served on a party deponent. Thus, all costs of service were incurred in this case [and] were properly incurred . . . ." (First italics added.)

E. *The Andersons' reply*

In their reply, the Andersons argued that the transcript of the statement of intended decision demonstrated "that the Court did not rely at all on the deposition testimony of Smith, the transcript of which consists of

_____

[10] Together with its opposition, defendants lodged the e-mails containing the parties' stipulation pertaining to the use of the Smith deposition, the ex parte application pertaining to the service of process issue, and excerpts of Smith's deposition quoted in the text above.

Defendants also lodged the judgment in this case, which states, "Testimony from witness Mark Smith was received by stipulation via deposition transcript."

three volumes and 517 pages." The Andersons also argued as follows with respect to the Smith deposition:

> "Regarding the Smith deposition, taken in another matter, there was no agreement that the costs associated with that deposition would be recoverable in this matter. [Citation.] Instead, [the Andersons'] counsel agreed that the portions of the Smith deposition relevant to this matter could be used only after [d]efendants, in spite of over [three] years of litigation, failed to complete Smith's deposition in this case prior to the discovery cutoff and were going to use that failure to request a fifth trial continuance."

The reply repeated the Andersons' argument that the service of process costs related to Smith could not be recovered because the costs pertained to a deposition taken in another case. The Andersons' reply also confirmed that the Andersons were not seeking to tax the $28.08 in costs related to the transcript of the statement of intended decisions.[11]

F. *The trial court's tentative ruling*

The trial court issued a tentative ruling denying the Andersons' motion to tax costs in part and granting the motion in part. With respect to costs related to Smith's deposition, the court ruled:

> "The evidence demonstrates that the deposition of Mike Smith was taken in . . . *Smith v. Way West* but the parties agreed that it would be used in this litigation as well. The cost for that deposition should be shared equally between the two litigations. The actual cost for the deposition

---

[11] The reply repeated the Andersons' contention that "only $28.08 of the [$6,424.73 in costs related to court ordered transcripts] is recoverable because that represents the only portion of the transcripts of court proceedings that were ordered by the Court."

transcript was $5,162.31.[12]  Accordingly, the costs are taxed by one-half, i.e., $2,581.15."

The trial court's ruling did not specifically address the service of process costs challenged by the Andersons.[13]

## G.  *The hearing*

The trial court held a hearing on the Andersons' motion.  The Andersons' counsel argued the following with respect to the Smith deposition and service of process costs:

> "[T]he entire [memorandum] of costs, there are a number of costs that are not recoverable by statute and/or were not reasonably necessary to the conduct of the litigation that defendants are being awarded, including, and this wasn't mentioned in the tentative, $2,107.78 for service of the Mark Smith deposition [*sic*].  If the court remembers, that was a deposition that was taken in another matter.  I agreed to allow portions of that transcript to be used in the trial in this case to avoid a fifth trial continuance, but I never agreed to assume those costs."

Defendants' counsel responded in part by arguing, "Mark Smith was originally a defendant in the case."  Defendants' counsel argued further:

> "[Smith] [s]ettled.  He is out.  He is not a party.  I can't do a notice of [deposition] against a nonparty.  We had to

---

12     Although the Andersons sought to tax a total of $5,523.11 in costs related to the Smith deposition, the trial court appeared to decline to tax, without explanation, $360.80 in costs related to an item titled "Smith – non[-]appearance transcript," that defendants sought to collect in their memorandum of costs.

13     The trial court's ruling also did not discuss the $28.08 in costs related to the intended statement of decision transcript.  As noted in parts II.C and II.E, *ante*, the Andersons acknowledged that the defendants were entitled to recover this cost in their memorandum in support of the motion to tax and in their reply memorandum in support of their motion.

subpoena him. He didn't want to be served. We chased him over San Diego, several addresses, and filed ex parte applications to the court and register of actions indicating how many times we tried to serve and we documented all of our expenses. This was addressed in the briefing. All the service charges occurred in this case against a nonparty, Mr. Smith. There is no notice of deposition of a nonparty. [A]ll those costs are recoverable. It is not our fault. It is Smith who settled with them, couldn't be found. We did our job and we served them [*sic*]. Unfortunately, it cost a lot of money. That is not our fault we had to get the guy in to get him for testimony, and they ultimately agreed that he could."

The following colloquy then ensued:

"[Anderson's counsel]: Your Honor, Mr. Smith appeared voluntarily at his deposition, so the $2,107 and change --

"The Court: I will take a look at it.

"[Andersons' counsel]: Thank you, Your Honor. Now, with respect to the Smith deposition itself, we appreciate the fact that the court taxed half those costs, but defendants have not shown that deposition was reasonably necessary to this litigation at all. As we put in our moving papers, that was a three-day deposition --

"The Court: Okay. But he was -- he was related and he ended up settling. He was a key player.

"[Andersons' counsel]: There is no dispute he was previously a defendant in the case and that he was previously a key player in this case, Your Honor.

"The Court: Right.

"[Andersons' counsel]: With respect to the legal lens that we have to look at with respect to the memo of costs, to the extent this was a deposition taken outside of this case --

11

"The court: It really wasn't outside of the case. He was involved in the case. There was a separate lawsuit.

"[Andersons' counsel]: It was a deposition taken in a separate lawsuit. A very small portion of that deposition related to this case.

"The court: It related to this case.

"[Andersons' counsel]: A very small portion of it did.

"The court: I don't know if I agree with that.

"[Andersons' counsel]: So in that regard, to the extent the court taxed half those costs, the plaintiffs are requesting more be taxed to the extent that only a very small portion, if any, of that deposition would be used. And it would be inappropriate to give them costs for half of that deposition."

The Andersons' counsel continued with argument pertaining to other costs not at issue on appeal. Later, while discussing trial transcript costs, the Andersons' counsel reiterated that the Andersons were not challenging the $28.08 in costs related to the transcript of the court's intended decision.

Finally, near the end of the hearing, the following colloquy occurred:

"The court: I will take another look at the service of the Smith deposition and the trial transcripts.

"[Defendants' counsel]: I appreciate it. Really, we would ask for the entire Smith deposition. We would ask the court to add those costs back in . . . . We don't want to bite the hand that fed us here, but we think you ought to add that back in, because the court got it right. He is a key player."

H. *The court's February 7 order and modification of the September 2019 judgment*

On February 7, 2020, the trial court entered a final order that modified its tentative ruling by taxing certain costs not at issue on appeal. The court's February 7 order stated further, "Defendants . . . claimed costs in the amount of $30,038.53 are taxed in the amount of $12,574.19, reducing defendants' allowable costs to $17,464.34."[14]

The trial court modified the September 2019 judgment by awarding defendants costs in the amount of $17,464.34.[15]

I. *The appeal*

The Andersons timely appeal from the trial court's February 7 postjudgment order.

III.

DISCUSSION

A. *The costs of the Smith deposition were not legally recoverable because they were incurred in a different case*

The Andersons claim that the costs of the Smith deposition are not legally recoverable under the statutes governing costs because they were incurred in a different case.

The Andersons' claim raises a question of law that we review de novo. (See *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 485 ["A de novo standard of review applies to the question of whether statutory language authorizes an award of . . . costs"].)

---

[14] As noted in footnote 8, *ante*, the trial court denied the Andersons' motion in so far as it sought to strike the memorandum of costs as untimely.

[15] Although the modified judgment states that it was modified on "2/7/19," it is clear from the record that the judgment was modified in February 2020.

13

1. *Governing law*

" 'Section 1032 is the fundamental [statutory] authority for awarding costs in civil actions.' [Citation.] 'Section 1033.5 of the Code of Civil Procedure [section 1033.5] . . . specifies the "items . . . allowable as costs under Section 1032." ' " (*Leiper v. Gallegos* (2021) 69 Cal.App.5th 284, 297.)

Section 1032, subdivision (b) provides:

> "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

Section 1033.5, subdivision (a) provides in relevant part:

> "The following items are allowable as costs under Section 1032:

> "[¶] . . . [¶]

> "(3)(A) Taking, video recording, and transcribing necessary depositions, including an original and one copy of those taken by the claimant and one copy of depositions taken by the party against whom costs are allowed."

In *In re Bauer's Estate*, appellant brought a petition for declaratory relief to obtain the construction of a will. (*In re Bauer's Estate, supra*, 59 Cal.App.2d at p. 162.) In preparation for the hearing on the matter, appellant deposed various witnesses. (*Ibid.*) Respondent contended that a petition for declaratory relief was not proper in a probate proceeding. (*Ibid.*) The trial court sustained respondent's objection and dismissed the declaratory relief matter. (*Ibid.*)

Appellant then instituted an heirship proceeding. (*In re Bauer's Estate, supra*, 59 Cal.App.2d at p. 162.) As part of the heirship proceeding, the parties "entered into a written stipulation which provided among other

14

things that, for the purpose of avoiding unnecessary expense, the depositions taken for the former proceeding could be used in the present proceeding." (*Ibid.*)  After the heirship proceeding concluded, the trial court awarded appellant costs.  (*Ibid.*)  Appellant filed a cost bill, which included certain costs related to the depositions from the prior action.[16]  (*Ibid.*)

Respondent moved to strike items from the appellant's cost bill related to the depositions on the ground that "costs incurred for depositions in a former action may not be [recovered] in a subsequent action between the parties even though the depositions were used in the subsequent action."  (*In re Bauer's Estate, supra*, 59 Cal.App.2d at p. 162.)  The trial court disallowed the costs associated with the depositions.  (*Id.* at p. 163.)

On appeal, appellant contended that "the costs in connection with taking the depositions should not have been disallowed, for the reason that the parties stipulated . . . that the depositions might be used in the present proceeding."  (*In re Bauer's Estate, supra*, 59 Cal.App.2d at p. 163.)  The *In re Bauer's Estate* court rejected this argument, reasoning:

> "Costs are allowable only in the action in which the costs are incurred.  In the case of *Carlson v. Lantz* (1929) 208 Cal. 134, 142, which included an appeal from an order taxing costs, it was stated: 'Item 31 in the sum of $28 was not incurred in this action, but was incurred for photographs in the former case [citation], in which case it was properly taxable.  The fact that it was not itemized in the former case did not, we think, justify its inclusion in the present case even if the photographs were used herein.'  The stipulation relative to the use of the depositions in the present proceeding was limited, as stated in the affidavit on behalf of respondent, to a stipulation that the depositions

---

[16]    According to the *In re Bauer's Estate* court, "The items of costs, which were shown by the cost bill to be in connection with the depositions, were the ones for witness fees and stenographic services in the sums of $23.10 and $116.40, respectively." (*In re Bauer's Estate, supra*, 59 Cal.App.2d at p. 163.)

might be offered in evidence, and did not include a stipulation relative to costs incurred in taking them." (*Ibid.*)

2. *The costs of the Smith deposition were not legally recoverable because they were incurred in another case*

As noted in part II.B, *ante*, defendants sought to recover $5,523.11 in costs related to the taking of Smith's deposition in a different lawsuit. "Costs are allowable only in the action in which the costs are incurred." (*In re Bauer's Estate, supra*, 59 Cal.App.2d at p. 163.) While, the parties stipulated that the Smith deposition could be used in the present case, they did not enter any stipulation relative to the costs associated with that deposition. Under these circumstances, *In re Bauer's Estate* controls and the costs of the Smith deposition are not recoverable in this case. (See *id., supra*, at pp. 162–163.)[17]

In his concurring and dissenting opinion, Justice Dato states that he agrees that "the Smith deposition costs are not recoverable unless *they were incurred in this case*." (Conc. & dis. opn. of Dato, J., italics added.) In our view, the Smith deposition costs were *not* incurred in this case for the following reasons.

First, it is *undisputed* that, as the defendants stated in their opposition to the motion to tax costs, the Smith deposition was "taken 'in *another case*.'" (Italics added.) The trial court also noted in its order taxing costs that the evidence demonstrated that the Smith deposition had been taken *in another case*, stating, "The evidence demonstrates that the deposition of Mike Smith

---

[17] Neither party cited *In re Bauer's Estate* in the trial court. In addition, the Andersons failed to cite *In re Bauer's Estate* in their brief in this court. As noted in footnote 4, *ante*, defendants did not file a brief in this court.

16

was taken in . . . *Smith v. Way West* but the parties agreed that it would be used in this litigation as well."

Under these circumstances, we conclude that the rule that *In re Bauer's Estate* draws applies: because the Smith deposition was taken *in another case*, the costs of that deposition were not incurred *in this case*. A bright line rule is preferable in this context because it permits the court and the parties to easily determine the case in which deposition costs were incurred merely by ascertaining the case in which the deposition was taken. Such fact will be evidenced, as it is in the record in this case, by the caption on the deposition transcript.[18] We conclude that adopting a bright line rule is preferable to permitting a party to, ex post, seek costs for a deposition undisputedly taken *in another case* based on a stipulation that did *not* provide that the deposition was being taken *in this case* nor make any reference to how the costs of such deposition would be allocated.[19] Thus, while Justice Dato states that this proposed rule does not replace a clear rule with case by case evaluation, we believe that our application of the long standing rule set forth in *In re Bauer's*

---

[18]    The exhibit containing the excerpts of the Smith deposition in the record in this case bears the *Smith v. Way West* caption.

[19]    As noted in the text, the parties in this case did not enter into any stipulation pertaining to the costs of the deposition taken in the *Smith v. Way West* case. Thus, as *In re Bauer's Estate*, the parties agreed that the deposition from the other proceeding "might be used in the present proceeding . . ." but ". . . there was no stipulation that the cost of taking the deposition[] might be charged in the present proceeding." (*In re Bauer's Estate*, *supra*, 59 Cal.App.2d at p. 162.) We emphasize that nothing in our opinion precludes the parties from entering into a stipulation relative to the costs of a deposition.

*Estate*[20] decreases the likelihood of parties being drawn into unnecessary litigation pertaining to costs, as has occurred in the present case.

Accordingly, we conclude that the trial court erred in failing to tax all of the $5,523.11 in costs related to the taking of Smith's deposition.[21]

B. *The Andersons forfeited their appellate claims that the service of process costs were unreasonably incurred and that the trial court erred in failing to tax the costs of the trial transcript pertaining to the intended statement of decision*

The Andersons claim that the trial court erred in failing to tax the service of process costs related to attempts to serve Smith for a deposition in this case and in failing to tax the costs of the trial transcript of its intended decision. Neither claim was raised in the trial court; therefore the claims are forfeited.

1. *Governing law*

It is well established that reviewing courts do not generally consider arguments raised for the first time on appeal. As the court in *Quiles v. Parent* (2018) 28 Cal.App.5th 1000 noted:

> " 'Failure to raise specific challenges in the trial court forfeits the claim on appeal. " ' "[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court." Thus, "we ignore arguments, authority, and facts not presented and litigated in the trial

[20] We are not persuaded that "realities of modern litigation," (conc. & dis. opn. of Dato, J.) support a different rule. While *In re Bauer's Estate* was decided in 1943, we are not aware of any authority that has found it to be outdated.

[21] As noted in footnote 3, *ante*, the trial court did tax costs related to the Smith deposition in the amount of $2,581.15. Thus, we direct the trial court to tax the remaining $2,941.96 in deposition costs on the ground that none of the $5,523.11 in costs pertaining to the deposition were legally recoverable.

court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived. [Citations.]" ' [Citation.] 'Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.] In our adversarial system, each party has the obligation to raise any issue or infirmity that might subject the ensuing judgment to attack. . . .' " ' " (*Id.* at p. 1013.)

The Court of Appeal has specifically applied this principle in refusing to consider arguments made for the first time on appeal with respect to the taxing of costs. (See *Litt v. Eisenhower Medical Center* (2015) 237 Cal.App.4th 1217, 1224 (*Litt*) [concluding that party forfeited argument on appeal by failing to raise the argument in motion to strike and/or tax costs in the trial court].)

2. *The Andersons forfeited their claim that the service of process costs related to Smith's deposition in this case were unreasonably incurred*

The Andersons claim that the trial court abused its discretion in failing to tax the service of process costs for Smith's deposition subpoena in this case.[22] The Andersons reason, "A comparison of the dates for attempted service of the deposition subpoena on Smith with his deposition establishes that the service costs incurred were unreasonable and unnecessary."

The Andersons did not raise this argument in any manner in their memorandum or reply in support of their motion to strike and/or tax costs in

[22]    The Andersons' brief is clear that they are discussing service of process costs incurred *in this case* in that it states, "Way West and Strom assert they needed to serve a deposition subpoena on Smith *in this lawsuit* because he was no longer a party to this lawsuit (because he had settled)." (Italics added.)

19

the trial court.[23]  (See pt. II.C, E, *ante*.)  The Andersons provided no comparison of dates of attempted service with the date of Smith's deposition or any other argument as to the alleged unreasonableness of the service costs. As a result, defendants had no opportunity to respond to this argument in the trial court and the trial court had no ability to consider the argument.  Under these circumstances, we conclude that the Andersons may not raise this argument for the first time on appeal.

Accordingly, we conclude that the argument is forfeited.  (See *Litt, supra*, 237 Cal.App.4th at p. 1224.)

3. *The Andersons forfeited their claim that the trial court should have taxed $28.08 in costs pertaining to the intended statement of decision*

The Andersons claim that the trial court erred in allowing defendants to recover $28.08 in costs for the transcript of the trial court's intended statement of decision.  The Andersons contend that the trial court did not order this transcript, and thus, the $28.08 is not a recoverable cost pursuant to section 1033.5, subdivision (b).

The Andersons never sought to tax this cost in the trial court.  On the contrary, the Andersons stated that the $28.08 in costs for the transcript of the trial court's statement of intended statement of decision was recoverable,

---

23      The only argument that the Andersons raised as to the service of process costs was that such costs could not be recovered because they pertained to the Smith deposition *in another case*.  (See pt. II.C, E, *ante*.)  The defendants responded by arguing that, "[T]he costs of service about which Plaintiffs complain are costs of service incurred *in this case* – the *Anderson* case."  (Italics added; see pt. II.D, *ante*.)  On appeal, the Andersons do not raise this argument; instead they argue only that the costs of service of process related to the Smith deposition *in this case* were unreasonably incurred.

in both their memorandum in support of the motion to tax and in their reply. (See pt. II.C, E, *ante*.)

Accordingly, we conclude that the Andersons' argument that the trial court erred in allowing defendants to recover $28.08 in costs for the transcript of the trial court's statement of intended statement of decision is forfeited. (See *Litt, supra*, 237 Cal.App.4th at p. 1224.)

IV.

DISPOSITION

The trial court's February 7, 2020 order is reversed insofar as the court failed to tax all of the $5,523.11 costs related to the Smith deposition. The matter is remanded to the trial court with directions to tax an additional $2,941.96 in costs related to that deposition, and to modify the judgment accordingly. In all other respects, the February 7, 2020 order is affirmed.

The parties are to bear their own costs on appeal.

AARON, J.

I CONCUR:

O'ROURKE, Acting P. J.

21

Dato, J., Concurring and Dissenting.

I concur in the majority opinion except for that portion that reverses the order on plaintiffs' motion to tax costs.

I agree that the Smith deposition costs are not recoverable unless they were incurred in this case—that is, the *Anderson v. Way West* litigation. But before the deposition commenced, the parties here stipulated that Smith's already scheduled deposition in *Smith v. Way West* would also serve as his deposition in this case. To this extent, the parties agreed to coordinate discovery in the two cases to avoid duplication of effort and a waste of resources. When the deposition began, everyone understood it was serving a dual function and could potentially be used as evidence in *both* pending cases.

The opinion on which the majority exclusively rely, *Estate of Bauer* (1943) 59 Cal.App.2d 161 (*Bauer*), involves a very different situation. In that case, the plaintiff took some depositions in Case 1, but the case was later dismissed. Plaintiff then filed a second action (Case 2) against the same defendant, and the parties agreed that the depositions *already taken* in Case 1 could be used in Case 2. After plaintiff prevailed in Case 2, it unsuccessfully sought to recover the cost of the depositions taken in Case 1. The appellate court affirmed. Significantly, at the time the depositions were taken only Case 1 had been filed. Case 2 did not exist. Clearly, then, the costs could only have been *incurred* in Case 1. The parties' later agreement to use *already existing* depositions in Case 2 did not change that reality. Because the parties reached no separate agreement as to the recovery of costs (*id.* at p. 163), those costs could not be recovered in Case 2. No new costs were "incurred" in Case 2 for "witness fees and stenographic services" as would be required to support a cost award. (*Ibid.*; see Code Civ. Proc., § 1033.5, subds. (a)(3) & (c)(1).)

The timing of the parties' agreement here materially distinguishes this case from *Bauer*. When parties agree after a case concludes that a previously taken deposition can be used in another proceeding, that agreement does not change the fact that the costs of the deposition were incurred in the first action alone. But where, as here, parties agree *before* taking a deposition that it will serve as discovery in two or more pending cases, the costs of that deposition are incurred in *each* of those actions.[24]

This does not replace a clear rule with standardless and unpredictable case-by-case evaluation. Rather, it creates two clear rules, each of which applies to a distinct situation. Most importantly, perhaps, these are reasonable rules that thoughtfully reflect the realities of modern litigation while encouraging cooperation and efficiencies in the practice of law.

In my view, by virtue of the parties' agreement in advance, the costs of Mark Smith's deposition were incurred in *both* the *Smith v. Way West* action *and* in this case, *Anderson v. Way West*. Accordingly, I would affirm the trial court's order in its entirety.

DATO, J.

---

[24] This does not mean that deposition costs should always be divided equally between the pending cases. It should be for the trial court to determine—as it did in this case—how the costs should be equitably allocated between or among the cases.